·(97 South. 543)

**BRADLEY et al. v. STATE ex rel. ROCK-WELL. (I Div. 262.)**

(Supreme Court of Alabama.   Jan. 4, 1923. Rehearing Denied Oct. 11, 1923.)

.Highways ⬤➝90—Statute authorizing road improvement district held unconstitutional, as taxation for benefit of corporation other than "municipal corporation."

Acts 1919, p. 1047, providing for the creation of road improvement districts and for the assessment of lands therein, *held* violative of Const. § 23, prohibiting taxation or forced subscription for the benefit of any individual or ·association or corporation other than municipal corporations; a road district not being a "municipal corporation" within the Constitution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Municipal Corporation.]

. McClellan and Gardner, JJ., dissenting.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Petition by the State of Alabama, on the relation of Arthur Rockwell, for mandamus against Ulmer E. Bradley and others, as members of the Board of County Commissioners of Baldwin County. From a decree granting the writ, respondents appeal. Reversed and rendered.

The petition shows that relator is a bona fide resident of Baldwin county and a property holder in the road district sought to be established; that relator and other property holders presented a petition to the board of county commissioners, respondents, requesting that publication be had and other necessary steps taken, to the end of establishing a certain described road district under the provisions of Acts 1919, p. 1047, and that respondents refused to take any such steps. It is prayed that writ of mandamus issue to respondents, requiring that the necessary proceedings be had for the establishment of the proposed road district.

The title of the act referred to is as follows:

"An act to provide for the organization of land owners, of any county, of districts within said county, for the purpose of building, improving and maintaining public roads in such districts, to confer the right of eminent domain to the extent necessary to carry out the purposes of this act, to provide for raising the funds by bond issue or otherwise, to pay the cost of building and maintaining such highways by assessment of the lands in said district in proportion to the benefits received by reason of such improvement."

Respondents defended upon the ground that the act was violative of the Constitution. Petitioners' demurrer to the· answer was sustained, and judgment entered granting the writ as prayed.

Chas. Hall, of Bay Minette, for appellant.

Section 23 of the Constitution prohibits forced taxation or subscription, and Acts 1919, p. 1047, is void. The county, or a portion thereof less than the whole, is not within the purview of a municipal corporation. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730.

Webb & Shepard, of Mobile, C. P. McIntyre, of Montgomery, and Bankhead & Bankhead, of Jasper, for appellee.

The assessment permitted by the act is not taxation, the right of eminent domain, nor forced subscription, and is not in violation of section 23 of the Constitution. Birmingham v. Klein, 89 Ala. 461, 7 South. 386, 8 L. R. A. 369. The power to levy local assessments for drainage and other objects is clearly referable to the taxing power, not eminent do-

main. 37 Cyc. 713; Moog v. Randolph, 77 Ala. 602; Houck v. Little River Drainage Dist., 239 U. S. 254, 36 Sup. Ct. 58, 60 L. Ed. 266; 9 R. C. L. 652.

PER CURIAM. The court is of the opinion, and so holds, that Acts 1919, p. 1047, authorizes districts and assessments thereby or therefor in violation of so much of section 23 of the Constitution as provides:

"That the right of eminent domain shall not be so construed as to allow taxation or forced subscription for the benefit of railroads or any other kind of corporations, other than municipal, or for the benefit of any individual or association."

The corporation or association authorized by the act or for whose benefit the assessment is permitted is not a municipal corporation. Schultes v. Eberly, 82 Ala. 242, 2 South. 345.

The trial court erred in awarding the mandamus, and the judgment is reversed, and one is here rendered dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and SAYRE, SOMERVILLE, THOMAS, and MILLER, JJ., concur.

McCLELLAN and GARDNER, JJ., dissent.

### On Rehearing.

ANDERSON, C. J. We have considered with care and interest the able and exhaustive brief of counsel, wherein it is urged that the conclusion of this court that the act in question is repugnant to section 23 of the Constitution of 1901 is wrong. First, we do not take issue with the general assertion that the Legislature has the power to enact all laws not prohibited by the Constitution, or with the suggestion that what is termed an "assessment for local improvements" does not fall within the restrictive provisions of our Constitution in dealing with taxation, as held in Birmingham v. Klein, 89 Ala. 461, 7 South. 386, 8 L. R. A. 369. But we repeat that this is a tax or forced subscription, as prohibited by section 23 of the Constitution, except as to the class excepted therefrom, and to which the district in question does not belong. This district is not a "municipal" corporation, as excepted in section 23. Dillard v. Webb, 55 Ala. 475. The Klein Case, supra, was dealing with an act authorizing a local assessment by a municipal corporation, to wit, the city of Birmingham, and which was excepted from section 23, and was not prohibited by any other constitutional provision; the power being merely limited by section 223 of the Constitution, so as to harmonize with the court decisions on the subject, federal and state. Decatur v. Brock, 170 Ala. 149, 54 South. 209.

The point upon which this case is decided was not presented or expressly decided in the case of Harkins v. Smith, 204 Ala. 417, 85 South. 812. The only question tried in the circuit court, and presented to this court, was whether or not the drainage district there involved was such a one as to require a vote on a bond issue under section 222 of the Constitution, and section 23 was not presented or considered by the court. There are expressions in the opinion of Brown, J., for the majority, referring to cases in other jurisdictions to the effect that such acts can be upheld as the exercise of the police power, and which may differentiate it from the case at bar, but which we do not now decide, as said case was decided upon the only question presented, and section 23 was not considered by the majority in passing upon same.

The rehearing is denied.

SAYRE, SOMERVILLE, THOMAS, and MILLER, JJ., concur.
GARDNER, J., dissents.
BOULDIN, J., not sitting.