**COLLINS, Judge, et al. v. HOLLIS.**
**(6 Div. 166.)**

(Supreme Court of Alabama. May 29, 1924.
Rehearing Denied Dec. 18, 1924.)

1. **Drains** ⚖️2(1)—Statute authorizing creation of drainage districts held unconstitutional as taxation for benefit of corporation other than "municipal corporation."

Gen. Acts 1915, p. 167, and amendment thereof by Gen. Acts 1923, p. 514, providing for creation of drainage districts and for assessment of lands therein, *held* violative of Const. 1901, § 23, prohibiting taxation for benefit of corporations other than municipal corporations; drainage district not being "municipal corporation."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Municipal Corporation.]

2. **Taxation** ⚖️29—Statute authorizing drainage districts to levy assessments held unconstitutional as delegation of taxing power.

Gen. Acts 1915, p. 167, and amendment thereof by Gen. Acts 1923, p. 514, granting power to drainage districts to levy assessments, though not directly taxing land, are invalid as attempts to delegate taxing power of state, in violation of Const. 1901, § 212. Per Sayre and Thomas, JJ.

3. **Constitutional law** ⚖️45—Duty of Supreme Court to condemn act clearly contrary to Constitution mandatory.

Duty of Supreme Court to condemn any act clearly contrary to Constitution is mandatory, especially where protection of property rights from unlawful taxation is involved.

Gardner, J., dissenting.

Appeal from Circuit Court, Fayette County; R. L. Blanton, Judge.

Petition of J. S. Hollis for mandamus to J. N. Collins, as Judge of Probate of Fayette County, and J. T. Maddox, as Judge of Probate of Lamar County, to require the appointment of a member of the Board of Drainage Commissioners of Fayette and Lamar Counties Drainage District No. 2. From a decree awarding the writ, respondents appeal. Reversed and rendered.

R. F. Peters, of Fayette, and O. E. Young, of Vernon, for appellants.

The acts are violative of section 222 of the Constitution in authorizing the issuance of bonds without authorization by the qualified voters. Bradley v. State, 210 Ala. 166, 97 So. 543. They also violate section 23 of the Constitution. Dillard v. Webb, 55 Ala. 475; Schultes v. Eberly, 82 Ala. 242, 2 So. 345; Bradley v. State, supra.

S. T. Wright and W. W. Monroe, both of Fayette, Thos. C. McClellan, of Birmingham, and James J. Mayfield, of Montgomery, for appellee.

The acts do not violate section 222 of the Constitution. Harkins v. Smith, 204 Ala. 417, 85 So. 812. Section 23 of the Constitution is without application to this case. Local assessments are to be justified under the power of taxation or police power, rather than under the power of eminent domain. 37 Cyc. 713; 16 Cyc. 559; Moog v. Randolph, 77 Ala. 602; Houck v. Little River Drainage Dist., 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266; 9 R. C. L. 652 (14); 25 R. C. L. 85, 86 (5, 6); 28 L. R. A. (N. S.) 1131 note; 10 R. C. L. 10. The assessments or taxes involved are local betterment taxes or assessments, and are not subject to organic limitations on the legislative power to levy or authorize the levying of taxes. Mayor, etc., v. Klein, 89 Ala. 461, 7 So. 386, 8 L. R. A. 369; Page & Jones, Tax. & Ass. § 614; Mound City, etc., v. Miller, 170 Mo. 240, 70 S. W. 721, 60 L. R. A. 190, 94 Am. St. Rep. 727; Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45; Hagar v. Reclamation Dist., 111 U. S. 701, 4 S. Ct. 663, 28 L. Ed. 569. The state has inherent power to provide for drainage and reclamation of swamps. Harkins v. Smith, supra; 6 R. C. L. 183, 206, 212; 25 R. C. L. 86; 9 R. C. L. 620; Wurts v. Hoagland, 114 U. S.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

606, 5 S. Ct. 1086, 29 L. Ed. 229; Fallbrook Irr. Dist. v. Bradley, 164 U. S. 112, 17 S. Ct. 56, 41 L. Ed. 369; Head v. Amoskeag Mfg. Co., 113 U. S. 9, 5 S. Ct. 441, 28 L. Ed. 889; Billings Sugar Co. v. Fish, 40 Mont. 256, 106 P. 565, 26 L. R. A. (N. S.) 973, 20 Ann. Cas. 264; Strawberry Hill Co. v. Starbuck, 124 Va. 71, 97 S. E. 362; Almand v. Board of Drainage, 147 Ga. 532, 94 S. E. 1028; Green v. Swift, 47 Cal. 536; Lake Erie R. R. v. Commrs., 63 Ohio St. 23, 57 N. E. 1009; Oliver v. Monona County, 117 Iowa, 43, 90 N. W. 510; Zigler v. Menges, 121 Ind. 99, 22 N. E. 782, 16 Am. St. Rep. 357; Donnelly v. Decker, 58 Wis. 461, 17 N. W. 389, 46 Am. Rep. 637; Cubbins v. Miss. River Comm. (D. C.) 204 F. 299; Almand v. Pate, 143 Ga. 711, 85 S. E. 909; Lien v. Norman Co., 80 Minn. 58, 82 N. W. 1094; Bemis v. Guirl Drainage Co., 182 Ind. 36, 105 N. E. 496. Reordination of a provision in previous organic law carries with it the construction placed by the courts upon such earlier provision. Jackson v. State, 90 Ala. 590, 8 So. 862; Ex parte Rountree, 51 Ala. 42; Ex parte Pepper, 185 Ala. 284, 64 So. 112; Ex parte W. U. Tel. Co., 200 Ala. 497, 76 So. 438; Ex parte L. & N., 176 Ala. 631, 58 So. 315; 6 R. C. L. 50. Assessments for local improvement or betterment taxes are not within the constitutional provisions relating to taxation or eminent domain. 1 Page & Jones on Tax. & Ass. § 43; Crane v. Siloam Springs, 67 Ark. 30, 55 S. W. 955; Cribbs v. Benedict, 64 Ark. 555, 44 S. W. 707; Ritter v. Drainage Dist., 78 Ark. 580, 94 S. W. 711; City Council v. Birdsong, 126 Ala. 632, 28 So. 522; Ex parte Selma & Gulf R. Co., 45 Ala. 696, 6 Am. Rep. 722; Stein v. Mayor of Mobile, 24 Ala. 591; Gibbons v. Mobile R. Co., 36 Ala. 410. The Constitution of Alabama is a limitation only upon the otherwise unbounded power of the Legislature. Mayor, etc., v. Klein, supra; Schultes v. Eberly, 82 Ala. 242, 2 So. 345.

MILLER, J. Under an act approved March 4, 1915 (Gen. Acts 1915, p. 167), to provide for the drainage of farm, wet, swamp lands so as to promote the public health and general welfare, a corporation known as Fayette and Lamar Counties drainage district No. 2 was declared organized by the probate court of Fayette county. The petition therefor was filed with the probate judge of Fayette county, and the probate judge of Lamar county acted with the probate judge of Fayette county, sitting together at the hearing, as the act directs, because the territory embraced in the district included land in both of the counties. The territory to be drained is known as Hell's creek bottom and swamp, the approximate length of the proposed drainage canals being about 20 miles, and the approximate area of the bottom land is about 4,000 acres. This act of 1915, p. 167, was amended on September 27, 1923 (Gen. Acts 1923, p. 514, art. 40), which forms a part of what is known as the Agricultural Code of Alabama.

When this corporation was organized and established by the probate court as aforesaid, three commissioners were appointed by the court, as section 10 of the original act directs, and they qualified as commissioners. John B. Wheeler was one of the three commissioners appointed by the court. He qualified on or about April 6, 1923, and on February 12, 1924, he tendered his resignation, as commissioner, and it was accepted by the court. Section 10 of the act provides all vacancies on the board shall be filled by the court, but, if a majority in number of the owners of real property in the district shall petition for the appointment of particular persons as commissioners, it shall be the duty of the court to appoint the persons so designated.

J. S. Hollis, a resident of Fayette county, owner of land in this district, and over 21 years of age, made written application to this probate court and the judges thereof to fill the vacancy in office of commissioner caused by the resignation of John B. Wheeler. The probate court, with both judges sitting as the act directs, heard the petition, and refused to appoint a person to fill the vacancy under it, because in their opinion this act (Gen. Acts 1915, p. 167) under which this corporation—Fayette and Lamar Counties drainage district No. 2—was created and organized, and the act amending it in General Acts 1923, p. 514, are unconstitutional and void. John S. Hollis filed petition with the circuit court, verified by affidavit, setting forth the facts as to the organization and establishment of this corporation, the appointment of the commissioners, the resignation of John B. Wheeler, the application to the probate court to appoint a person to fill the vacancy, the refusal of the probate court to make the appointment, and its reasons therefor. This petition seeks a writ of mandamus to compel the probate judges of the counties of Lamar and Fayette, sitting as a probate court, to appoint a suitable person to fill this vacancy on the board of commissioners as the original act and the amendment thereof direct and require.

The defendants J. N. Collins, judge of probate of Fayette county, and J. T. Maddox, judge of probate of Lamar county, answer this petition, and admit the facts stated therein, and say they declined and still decline to appoint a drainage commissioner to fill this vacancy for the Fayette and Lamar Counties drainage district No. 2, because the act (Gen. Acts 1915, p. 167, amended by Gen. Acts 1923, p. 514) is void, as it violates sections 222, 23, and 45 of the Constitution of Alabama, and because it attempts to give

the power of assessments to unauthorized units.

The cause was submitted to the court on petition, answer, and agreed statement of facts in writing signed by the parties; and on the hearing the court held neither the original nor the amended act is unconstitutional and void, but that both are valid acts under the police power of the state for promotion of the public health and general welfare. The court granted the petition, directed a writ of mandamus to issue ordering the judges of probate, the defendants, to proceed under the act and appoint a commissioner to fill the vacancy created by the resignation of John B. Wheeler. The defendants, the judges of probate, appeal from that judgment, and it is the error assigned.

[1, 2] The constitutionality of this act (Gen. Acts 1915, p. 167) has been before us and was considered by this court in Harkins v. Smith, 204 Ala. 417, 85 So. 812. It was held that this act did not contravene section 222 of the Constitution, because the territory embraced in the corporation known as "the Fayette and Lamar Counties drainage district No. 1" was not a county or city or town or village or district or other political subdivision of counties as contemplated by section 222 of the Constitution. The court in the opinion did not discuss or refer to sections 23 or 212 of the Constitution of 1901. The validity of this act depends on the construction of it in the light of these two sections of the Constitution when construed together. That part of section 23 of the Constitution pertinent reads as follows:

"The right of eminent domain shall not be so construed as to allow taxation or forced subscription for the benefit of railroads or any other kind of corporations, other than municipal, or for the benefit of any individual or association."

Section 212 of the Constitution reads:

"The power to levy taxes shall not be delegated to individuals or private corporations or associations."

This act of 1915, section 1, authorizes and gives the court of probate jurisdiction and power to establish drainage district or districts. Under section 8 of the act upon the hearing of an application to establish a district the probate court may "declare the district organized as a body corporate, giving it a corporate name, * * * with power to sue and be sued, to incur debts, liabilities and obligations, to exercise the right of eminent domain * * * and the right of assessment as herein provided." The court of probate after the district is established must appoint three drainage commissioners and "such persons when so appointed, * * * shall constitute, and are hereby declared to be a body politic incorporated by the name and style * * * selected * * * by the court of probate." Section 10 of the act.

Thus it is clear and evident that this district No. 2, as established and authorized by the act, is intended to be a corporation with power to sue and be sued; contract debts under its name given it by the court as Fayette and Lamar Counties drainage district No. 2; and the act gives this corporation the power and "the right of assessment as herein provided."

The act provides for the pay of the commissioners, the board of viewers, and rodmen, and gives the probate court authority to fix the amount of compensation for the engineers. The costs, expenses, costs of construction, fees, damages assessed for construction of any ditch or canal to drain the district or other improvement, and the cost of maintaining and repairing it, will be assessed under the act against all the land in the district according to the benefit received in the manner provided by the act.

The final report shall contain a copy of the assessment roll, and be filed with the probate court, and, if on the hearing in the opinion of the court the cost of construction together with the amount of damages assessed is not greater than the benefits that will accrue to the land affected, the court shall confirm the report of the viewers. Sections 20, 21, of the act.

These assessments against the land in the district when made to and are approved by the probate court as the act directs, shall have the force and effect of a judgment as in case of state and county taxes, and shall constitute a first lien and paramount lien, second only to state and county taxes upon the lands assessed for the payment thereof. These amounts are to be collected by the tax collector of the county as state and county taxes are collected, and the tax collector is authorized to sell any land for failure to pay any such assessment thereon. Section 35 of the act.

This act delegates to this corporation, the Fayette and Lamar Counties drainage district No. 2, subject to the approval of the probate court, the right to assess the contemplated improvements in the district on the land therein, which must be approved by the court, if in its opinion the cost of construction with the amount of damages assessed is not greater than the benefits that will accrue to the land affected, and when approved is a lien superior to all others on the land, except the lien for state and county taxes.

The Fayette and Lamar Counties drainage district No. 2 was authorized and organized as a corporation under this original act of 1915, p. 176. When John B. Wheeler resigned, and when his resignation was accepted and the petition filed with the probate judges for a person to be appointed commissioner to fill the vacancy, this original act had been

amended. The act was amended October 1, 1923 (Gen. Acts 1923, pp. 514 and 550), this commissioner resigned on February 12, 1924, so the petition to the judges to fill the vacancy filed February 26, 1924, was under the original act as amended.

The act as amended is not materially or vitally different from the original act in the parts hereinbefore mentioned. The amended act authorizes the organization by the probate court of a corporation for drainage of the land in the district; it directs and renders the land therein liable to taxation for the purpose of constructing and maintaining the improvements; the corporation is given the same rights and powers conferred on it by the original act; it requires the judge or judges of probate to appoint three commissioners, to be known as "board of drainage commissioners" of the district; and in case of vacancy it is to be filled by appointment by the judges of probate like the original act. So the validity of the original act and the act amending it are before us. Neither differs vitally from the other; the differences between them being more of form than real substance, and it is not necessary to mention them here.

Section 1 of the amended act states its purpose in part as follows:

"To provide for the assessment and collection of the costs and expenses of installing drainage systems and issuing and selling bonds therefor, and for the care and maintenance of such improvements when constructed, not in excess of the increased value of such property by reason of the special benefits derived from such improvements."

This purpose is clearly embodied in other sections thereof like in the original act. The corporation authorized and organized under the original or amended act is not a municipal corporation. The court clearly held in Harkins v. Smith, 204 Ala. 417, 85 So. 812, that corporations organized under the original act were not municipal corporations. See, also, Bradley v. State, 210 Ala. 166, 97 So. 543.

These assessments on the land in this district for the improvements and drainage are not direct taxation ad valorem on the land, subject to constitutional restraint, but it is nevertheless a part of the taxing power of the state. In discussing an act conferring on a municipality the right to assess the expenses of improving sidewalks of a city against the owners of the abutting property in proportion to the amount of benefit accruing to such owner, and declaring the assessment a lien on the property this court in Mayor of Birmingham v. Klein, 89 Ala. 461, 7 So. 386, 8 L. R. A. 369, wrote:

"It is not questioned but that the power which this statute undertakes to delegate to the municipality of Birmingham is a part of the taxing power inherent in all government, and without limitations other than those expressed in the organic law."

This court in Bradley v. State, 210 Ala. 166, 97 So. 543, held the act in General Acts 1919, p. 1047, unconstitutional and void under section 23 of the Constitution, because it authorized a corporation or association to be organized for the purpose of building, improving, and maintaining public roads in a district, the cost thereof to be assessed against the land therein as a lien thereon, and the court held such a corporation or association was not a municipal corporation, and the statute conferred on it the taxing power by assessment for the cost thereof, and the Legislature could not delegate to such a corporation or association the taxing power of the state. Section 212 of the Constitution declares:

"The power to levy taxes shall not be delegated to individuals or private corporations or associations."

This court, in discussing the pertinent part of section 23 of the Constitution in Schultes v. Eberly, 82 Ala. 242, 2 So. 345, wrote:

"After modifying the declared right of eminent domain, it is provided that it 'shall not be so construed as to allow taxation or forced subscriptions for the benefit of railroads, or any other kind of corporations other than municipal, or for the benefit of any individual or association.' While it may be admitted there is confusion of ideas—confounding the power of taxation and the right of eminent domain—the proviso is significant to show an intention that taxation shall not be allowed, under any pretense, to corporations other than municipal. Waterhouse v. Board of C. & D. of Cleveland Schools, 8 Heisk. 857."

This original act of 1915, p. 167, and the amendment thereof (General Acts 1923, p. 514), delegate and confer the power of taxation on corporations, which are not municipal, which is not permissible under the Constitution. Bradley v. State, 210 Ala. 166, 97 So. 543, and authorities supra.

The Public Road Act of 1919, p. 1047, is similar in its nature, design, and effect to this Drainage Act. Each authorizes the formation of a corporation; one to build roads for the public welfare, and the other to drain swamps to reclaim the soil and for the health of the public. Each authorizes the corporations to make assessments for the costs thereof against the land therein. Each has conferred on the corporations organized thereunder the taxing power of the state. Neither corporation organized under either act is a municipal corporation. We have held the act of 1919, p. 1047, is unconstitutional and void. Bradley v. State, 210 Ala. 166, 97 So. 543. Is the Drainage Act valid under the police power, because the corporations organized under it drain swamps and the public health is thereby benefited? It

may be the state has authority under the police power to drain ponds and swamps for the public health and general welfare of the community—that question is not presented and we do not decide it—but the taxing power of the state cannot under the Constitution be delegated to the corporations, permitted to be organized under this original act of 1915, p. 176, or the act amending it (Gen. Acts 1923, p. 514), to secure money to dig canals to drain swamps for the public health and public welfare. The sections of the Constitution mentioned (23 and 212) forbid the delegation of the taxing power of the state under any pretense and for any purpose to corporations, associations, or individuals other than municipal corporations. Authorities supra.

[3] The right to tax property is necessary, but it is a strong and dangerous power. The organic law, the Constitution, intrusted and reposed this dangerous right and strong power with the sovereign, the state, and declared it shall not be delegated, except to municipal corporations. Any act clearly contrary to the Constitution must be condemned by the courts. This duty is mandatory on this court of last resort. The duty rests and is placed particularly on this court in this cause, with imperative force, for the protection of property for the owner against taxation delegated by the Legislature without authority to a nonmunicipal corporation. Authorities supra.

The Drainage Act, approved March 4, 1915 (Gen. Acts 1915, p. 167), and article 40 of the act amending it, approved October 1, 1923 (Gen. Acts 1923, p. 514), are unconstitutional and void. Authorities supra.

The judgment of the circuit court granting the writ of mandamus is grounded in error. The petition for it should have been refused, the cause dismissed, and the petitioner taxed with the cost. A judgment to that effect will be entered here.

Reversed and rendered.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

GARDNER, J., dissents.

BOULDIN, J., not sitting.

GARDNER, J. (dissenting). The majority opinion strikes down what is generally referred to as the Drainage Act as violative of sections 212 and 23 of the Constitution of 1901. This act was assailed as being in violation of section 222 of the Constitution, and in the case of Harkins v. Smith, 204 Ala. 417, 85 So. 812, this court held the act did not contravene that constitutional provision, and the judgment of the court below to the contrary was reversed and one here rendered.

The court in the Harkins Case quoted with approval the definition from other authorities of drainage district as being a form of governmental corporation with limited power, a public or quasi public corporation, a political subdivision of the state, acting as the agent thereof. In short, it is very clear that these drainage districts are but governmental agencies, created in the manner provided by the act merely for convenience in the further administration of its provisions. In the Harkins Case the language of the opinion clearly indicates that the so-called tax referred to was not a tax within the generally accepted meaning of that term, but was merely a betterment assessment or betterment tax, similar in all respects to sidewalk improvements, storm sewers, and the like; the court saying:

"The cost incident to such improvements is imposed upon or assessed against the lands benefited in the nature of an *assessment or betterment tax*, such as is authorized by cities and towns for the improvement and maintenance of streets, sidewalks, storm sewers, and drains. (Italics supplied.)"

In the Harkins Case two of the judges dissented, and in expressing their views it was stated that for the most part they were in accord with the majority opinion with respect to the creation and status of such governmental agencies as the drainage district. I take it, therefore, that the court is united upon the proposition that the drainage district is in fact but a governmental agency, and that the tax in question is only a betterment assessment or betterment tax as those terms are generally known and understood.

Section 212 of the Constitution of 1901 reads as follows:

"The power to levy taxes shall not be delegated to individuals or private corporations or associations."

Section 2 of article 11 of the Constitution of 1875 reads as follows:

"No power to levy taxes shall be delegated to individuals or private corporations."

It thus appears that this latter constitutional provision was carried forward in the Constitution of 1901 without material change. In Mayor, etc., v. Klein, 89 Ala. 461, 7 So. 386, 8 L. R. A. 369, it was stated that as a necessary inference the terms taxes and taxation have respectively the same meaning wherever found in article 11 of the Constitution. Section 2, above quoted, was a part of article 11, and, in speaking of this article, the court in the Klein Case said:

"By the very terms employed throughout the article, the taxes or taxation, whether state, county or municipal, are those which make up the general revenues of the one or the other political division, as the case may be; revenues which come from all the property in the territory, and go to defray general governmental expenditures, as distinguish-

ed from special outlays to provide for purely local exigencies."

The court in the Klein Case, speaking with reference to a betterment tax, a sidewalk improvement, further said:

"Are the provisions of article 11, referring as we have seen to general taxes and taxation, and to such only, expressed limitations on the power of the Legislature with respect to local assessments on property to pay for local improvements, which benefit that particular property? We think not. The overwhelming weight of authority is against such a construction, and in favor of the validity of such assessments. * * * A tax, it is said, is a contribution to the general fund, the amount of it is taken from the individual, and nothing which benefits him individually, as distinguished from the mass of citizens, is given in the place of it. He pays, and by the amount he pays is poorer than he was before. Not so with an assessment of the class we are considering. The property owner pays it, but, in legal contemplation, he loses nothing. He receives the value of his money in the betterment of his property, and, in addition to this, he is benefited to the same extent that all other citizens are, in that a thoroughfare of the city in which his property is situated, and he probably lives, is improved. The authorities almost universally take such an imposition, though confessedly laid under the taxing power, out of the category of taxes and taxation, as those terms are employed in organic limitations on legislative power to levy or authorize the levying of taxes, and in general statutes."

Many authorities are there reviewed, and former decisions of this court holding to the contrary were expressly overruled, and it was held provisions either in statutes or constitutions relating to general taxation, whether for state, county, or municipal purposes, have no application to special assessments made against the abutting property for street improvements, which have been benefited and enhanced thereby, to the value of the property so assessed.

In 1 Page and Jones on Taxation, etc., special reference is made to the Klein Case, and to the fact that former decisions to the contrary were overruled, and that, since the decision in that case, this state has been in line with the overwhelming weight of authority. In section 334 of this volume the authors point out the nature of drainage acts, and that the improvements by drainage and its beneficial effect upon the land drained are matters of general knowledge which have often been commented upon by the courts; that the improvement is not only of special benefit to the property owner, but is of a public character, in that the public health is thereby subserved.

As previously stated, this court seems to be in agreement upon the proposition that this is in fact a betterment assessment or a betterment tax. The Klein Case expressly held that such assessment or such betterment tax did not come within any of the provisions referring to taxation or taxes in article 11 of the Constitution of 1875. Section 2 of article 11 of that Constitution, as previously noted, has been carried forward, without material change, and now constitutes section 212 of our present Constitution. It was thus carried forward with the construction as disclosed by the Klein Case upon this article, and, to my mind it necessarily and logically follows that same construction adheres to section 212 of the Constitution of 1901. It must follow then as the night follows the day that under the decision of this court in the Klein Case section 212 has no reference to a betterment tax or betterment assessment.

Of course, it is well understood, and needs to be stated only to be remembered, that the Legislature has boundless power, except when restrained or limited by constitutional provisions. I respectfully submit that under the construction of this court of article 11 in the Klein Case there is no limitation upon the legislative power as to this betterment tax in section 212 of the Constitution of 1901.

Section 23 of the Constitution of 1901 corresponds with section 24 of the Constitution of 1875; they are practically the same. That portion of this constitutional provision which this act is said to violate reads as follows:

"The right of eminent domain shall not be so construed as to allow taxation or forced subscription for the benefit of railroads or any other kind of corporations, other than municipal, or for the benefit of any individual or association."

The betterment assessment provided for by the Drainage Act is not forced subscription, nor is it a tax for the benefit of any corporation, individual, or association within the meaning of the foregoing provisions.

The betterment tax was again considered by this court in City Council of Montgomery v. Birdsong, 126 Ala. 632, 28 So. 522, where it was expressly held that such tax did not contravene section 24 of the Bill of Rights. Indeed, it was not questioned so far as the property is specially benefited; the court saying:

"It is not denied, that such assessments against particular property for street and sidewalk improvement may be constitutionally authorized, to the extent that the property is specially and particularly benefited."

Quoting from the Supreme Court of the United States in Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443, the opinion proceeds:

"The principle underlying special assessments to meet the cost of public improvements is that the property upon which they are imposed is peculiarly benefited, and therefore the owners do not, in fact, pay anything in excess of what they receive by reason of such improvement."

It thus appears that a betterment assessment is not a forced subscription or a taxation for the benefit of any individual or corporation within the meaning of section 23 of the Constitution. The holding in the Birdsong Case directly related to section 24 of the Bill of Rights which is carried forward, without material change, as section 23 of our present Constitution, and should be decisive of the question that a betterment assessment or betterment tax is not violative thereof.

The fact that the betterment assessments in the Klein and Birdsong Cases related to sidewalks in cities and the Drainage Act relates to improvements on rural property can make no difference in principle. We are dealing with legislative power and with the question as to whether or not the Constitution contains any prohibition or limitation upon the power thus expressed in the passage of the Drainage Act.

The majority opinion seems to proceed upon the theory also that the drainage district is given authority to levy the tax, and the case of Schultes v. Eberly, 82 Ala. 242, 2 So. 345, is cited. This case involved the validity of an act giving to school trustees the power to levy a direct tax. It in no manner touched upon the question of betterment assessments or betterment taxes dealt with in the Drainage Act where the drainage district does not levy a tax.

If the tax may be said to be levied at all in the strict sense of that word, it is levied by the Legislature, and the Drainage Act merely provides a method of assessment in order that the property improved shall not bear a greater burden of cost of improvement than the benefits that accrue therefrom. The difference between the levy of a tax which is a legislative power and the assessment which is administrative and quasi judicial was pointed out by this court in the recent case of Coal & Mining Co. v. Hawkins, 210 Ala. 359, 98 So. 26.

The majority opinion cites with approval as sustaining the conclusion reached the recent case of Bradley v. State, 210 Ala. 166, 97 So. 543. This authority would seem to sustain the ruling of the court in the instant case. The writer dissented in the Bradley Case, and is of the opinion that it is fundamentally unsound and should be overruled. While the Bradley Case relates to a different character of improvement, that of public roads, yet, in principle, in my opinion, it cannot be distinguished, but I forego further discussion.

The question here involved is one of importance, and, being fully persuaded that the decision was unsound, I feel it proper to state my views as briefly as consistent with the questions involved. I therefore dissent.

**On Rehearing.**

MILLER, J. The application for rehearing is overruled.

SAYRE and THOMAS, JJ., concur in the opinion and conclusion.

ANDERSON, C. J., concurs in the conclusion, but prefers basing his opinion upon section 23 of the Constitution. While not questioning the soundness of the opinion as to section 212 of the Constitution, he does not care to commit himself to the same, as he thinks the act so palpably repugnant to section 23 that it is unnecessary to resort to section 212 of the Constitution.

SOMERVILLE, J., concurs specially.

GARDNER, J., dissents.

BOULDIN, J., not sitting.