155 So.2d 343

**OPINION OF THE JUSTICES**
No. 175

Supreme Court of Alabama.
July 9, 1963.

The House of Representatives
State Capitol
Montgomery, Alabama ·

Gentlemen:

We are in receipt of House Resolution 71, adopted June 21, 1963, which is as follows:

"WHEREAS, important constitutional questions are presented by House Bill No. 526 (a copy of which is hereto attached), now pending in the Legislature of Alabama; now, therefore, be it resolved by the House of Representatives of Alabama that the Justices of the Supreme Court of Alabama are hereby respectfully requested to render an opinion, aṣ provided in Title 13, Section 34, of the Code of Alabama of 1940, as amended, on the following important constitutional questions:

"(1) Do the provisions of said bill violate the provisions of Sections 23 and 212 of the Constitution of Alabama?

"(2) Do the provisions of said bill violate the provisions of Section 104 of the Constitution of Alabama?

"(3) Do the provisions of said bill violate the provisions of Section 94 of the Constitution of Alabama?

"(4) Will the said bill, if enacted, violate the provisions of Amendment XCIII of the Constitution of Alabama?

"(5) Will the provisions of said bill, insofar as they are inconsistent with the provisions of Section 711 of Title 51 of the Code of Alabama of 1940, as amended, violate Sections 105 and 108 of the Constitution of Alabama?"

■ (1) We answer your first question in the affirmative. Section 212 of the Constitution provides: "The power to levy taxes shall not be delegated to individuals or private corporations or associations." In Schultes v. Eberly, 82 Ala. 242, 2 So. 345, this court held that Sec. 212, together with the provisions of Sec. 23 of the Con-

stitution, "nor shall private property be taken for private use, or for the use of corporations, *other than municipal,*" prohibits the Legislature from authorizing a public corporation, other than a municipal corporation, to levy taxes. (Emphasis supplied). This holding was followed in Bradley v. State, 210 Ala. 166, 97 So. 543, and Collins v. Hollis, 212 Ala. 294, 102 So. 379.

House Bill No. 526 authorizes the Mobile County Hospital Board, subject to a referendum, to "levy, * * * an annual license tax and registration fee in the amount of $5.00 upon every motor vehicle," owned by individuals living in Mobile County and by corporations having an office or place of business in the county.

The Mobile County Hospital Board is not a municipal corporation. Under the authorities cited supra, the attempted delegation of the power to tax to a non-municipal corporation contravenes Secs. 23 and 212 of the Constitution of 1901. In Collins v. Hollis, supra, this court said:

"The right to tax property is necessary, but it is a strong and dangerous power. The organic law, the Constitution, intrusted and reposed this dangerous right and strong power with the sovereign, the state, and declared it shall not be delegated, except to municipal corporations. Any act clearly contrary to the Constitution must be condemned by the courts. This duty is mandatory on this court of last resort. The duty rests and is placed particularly on this court in this cause, with imperative force, for the protection of property for the owner against taxation delegated by the Legislature without authority to a nonmunicipal corporation."

■ (2) We answer this question in the negative. A similar bill and question was before us in 1957, and we opined that the bill did not violate the provisions of Sec. 104 of the Constitution if the tax was levied by the governing body of the county. Opinion of the Justices, 266 Ala. 363, 96 So.2d 634.

(3) We answer this question in the negative. We have held that Sec. 94 of the Constitution relates to private corporations only. Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695; Opinion of the Justices, 263 Ala. 174, 81 So.2d 699. The Mobile County Hospital Board clearly is not a private corporation. Clark v. Mobile County Hospital Board, ante, p. 26, 151 So.2d 750.

(4) and (5) These questions are moot at this time because the bill, as now written, is unconstitutional. However, if the license could or should be properly levied, the questions apparently are answered specifically in In re Opinion of the Justices, 266 Ala. 363, 96 So.2d 634.

Respectfuly submitted,

J. ED. LIVINGSTON
 Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES S. COLEMAN, JR.
ROBERT B. HARWOOD
 Justices.