WRIGHT, Presiding Judge.
This case initially began with a suit filed in Jefferson County District Court by the Rocky Ridge Fire District against Edwin L. Sterne, seeking compensation allegedly due under the provisions of 1976 Ala.Acts 604. Act 604 was a legislative response to the significant annexations by municipalities contiguous to fire districts in Jefferson County, Alabama.
In December 1965, Ala. Const, amend. 239 (1901) was ratified authorizing the establishment of fire districts in Jefferson County, Alabama. Amendment 239 was subsequently amended by Ala. Const, amend. 314 (1901) and Ala. Const, amend. 369 (1901). These amendments, in part, prohibited a fire district from enlarging its territory into the territory of a municipality and additionally provided that the expenses of the fire districts would be paid by the proceeds of a service charge. Act 604, enacted in 1976, implemented amendment 239 as last amended. Act 604 allows either the annexing municipality or the property owners to agree to designate who will bear the ultimate liability for paying the compensation due the fire district under the act. As pertinent, Act 604 provides as follows:
“Section 1. When an entire fire district of any county having a population of 600,000 or more according to the 1970 or any subsequent federal decennial census is annexed to a municipal corporation, such municipal corporation shall assume and pay the district debt. If a portion of a fire district is annexed the municipal corporation in adopting the resolution for the annexation of such portion must agree that an amount be paid to the district equal to six (6) times the amount of dues that the portion being annexed paid to the fire district the preceding year, before the annexation can take place. The amount of money paid to the fire district may be paid by the munici *194 pality or the property owners involved in the proceedings.”
On November 24, 1979, Sterne and his wife executed an agreement with the City of Hoover, wherein they agreed to pay any compensation due Rocky Ridge under the provisions of Act 604, if their property was annexed. On June 2, 1980, Hoover annexed the property of Sterne and others without complying with the provisions of Act 604, requiring the annexing municipal corporation to agree in adopting its annexation resolution to pay the fire district “equal to six (6) times the amount of dues that the portion being annexed paid to the fire district the preceding year.
Rocky Ridge Fire District filed suit in Jefferson County District Court against Sterne seeking compensation due it, pursuant to the provisions of Act 604. The district court ruled in favor of Sterne on the basis that Hoover was primarily liable for this compensation under Act 604. Rocky Ridge appealed to the Circuit Court of Jefferson County and filed suit against Hoover, seeking compensation under Act 604. Rocky Ridge received a judgment in its favor against Hoover, and Hoover appealed to Jefferson County Circuit Court. Hoover later filed suit against Sterne based on the indemnity agreement executed earlier between Sterne and Hoover. The district court ruled in favor of Hoover, and Sterne appealed to the Jefferson County Circuit Court.
The eases were consolidated for trial in the Circuit Court and were tried ore tenus in November 1984. In March 1984 judgments were rendered in favor of Sterne in the case between him and Rocky Ridge: in favor of Rocky Ridge in the amount of $492.37 in the case between it and Hoover; and in favor of Hoover in the amount of $492.37 in the case between it and Sterne. An appeal was taken to this court in the cases of Rocky Ridge Fire District v. City of Hoover and in Hoover v. Sterne. No appeal was taken from the judgment in Rocky Ridge v. Sterne.
The essential issue on appeal is whether 1976 Ala. Acts 604 is constitutional in requiring that if a municipal corporation annexes a portion of a fire district, it must in its annexation resolution agree to pay such district the equivalent of six times the amount of dues that portion being annexed paid to the fire district the preceding year.
We note initially that a party mounting a constitutional challenge to a statute bears the burden of overcoming a presumption of constitutionality. Metropolitan Life Insurance Company v. Forrester, 437 So.2d 535 (Ala.Civ.App.1983).
“[A] State is afforded wide leeway when experimenting with the appropriate allocation of state legislative power.” Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 71, 99 S.Ct. 383, 390, 58 L.Ed.2d 292 (1978), citing, Hunter v. Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907). “‘The number, nature and duration of the powers conferred upon [municipal] corporations and the territory over which they shall be exercised rests in the absolute discretion of the state.’ 207 U.S. at 178, 28 S.Ct. at 46.” Id. at 71, 99 S.Ct. at 390.
Annexation is a government function with the authority and method granted to a city by the legislature. Sanders v. City of Tuscaloosa, 395 So.2d 86 (Ala.Civ.App.1981). Authority to annex territory and the prescribed process for annexation is a legislative function, see, City of Birmingham v. Mead Corp., 372 So.2d 825 (Ala.1979); and as such, “[0]ur inquiry is limited to the question whether ‘any state of facts reasonably may be conceived to justify’ the prescribed process for annexation.” Holt Civic Club v. City of Tuscaloosa, supra at 74, 99 S.Ct. at 392, quoting Salyer Land Co. v. Tulare Lake Basin Water Storage District, 410 U.S. 719, 732, 93 S.Ct. 1224, 1231, 35 L.Ed.2d 659 (1973).
The Alabama Legislature had the authority to empower municipal corporations to annex and also had authority to create fire districts, for such is a legislative matter. The wisdom or expediency of requiring the annexing municipality to in effect compensate the annexed fire district for its loss is not within the purview of this *195 court’s review. Rather, in looking we find there is a state of facts which may reasonably justify the compensation required under Act 604.
Evidence was presented at trial indicating that during the year prior to passage of Act 604 Rocky Ridge lost approximately $21,000 in revenue due to the annexation of property from within its boundaries, while at the same time having a debt totaling approximately $40,000. Such loss of revenue threatens the economic stability of a fire district. The evidence revealed that a fire district must buy fire engines or pumpers and other equipment which require long-term financing arrangements. In order to properly finance the necessary equipment, a fire district needs to be able to anticipate and rely on the amount of revenue available in the succeeding years.
Hoover and other municipalities benefit from the annexation of fire districts such as in an increased population which has a direct bearing on its ability to secure better bond ratings and an increased tax base; therefore, it is not unreasonable nor unjustifiable for the legislature to require Hoover and other municipalities to help remunerate the fire districts for the losses incurred by annexation of dues-paying property within a fire district. We cannot say Act 604 is unconstitutional.
Act 604 is a constitutional exercise of legislative power and therefore Rocky Ridge is due to be paid, and based on a duly executed agreement, Sterne is bound to indemnify Hoover for the monies due.' Both decisions of the trial court are hereby affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.