SHORES, Justice.
Dewberry Engraving Company, Inc. (hereinafter “Dewberry”), and its affiliated corporations, National Engraving Company, Inc. (hereinafter “National”), and Dewberry Engraving Company of Alabama, Inc. (hereinafter “Dewberry Alabama”); and the Industrial Development Board of the Town of Vincent (hereinafter “Industrial Board”) appeal from a summary judgment for the appellee, North Shelby County Fire and Emergency Medical District (hereinafter “Fire District”), finding them liable to the Fire District for fees charged for fire protection. We affirm.
The facts from which this case arose are as follows: Dewberry and its affiliate National set up an engraving industry in Shelby County, Alabama, on property owned by the Industrial Board. The property was leased from the Industrial Board by Dewberry Alabama, and, in turn, subleased to Dewberry and National, the companies that actually occupied the premises. Dewberry Alabama is the corporate leaseholder, while Dewberry is the operating company producing the income and National is Dewberry’s wholesale outlet.
Some time thereafter, the Fire District was organized, pursuant to Amendments 343 and 370 of the Alabama Constitution of 1901. Its primary purpose is to provide fire protection for an area of the county in which is located the realty owned by the Industrial Board and occupied by the Dewberry companies. The Fire District set up a schedule of charges and billed Dewberry and the Industrial Board. The schedule was established according to law and adopted by popular vote. When Dewberry and the Industrial Board refused to pay, the Fire District brought suit, seeking payment of past due fees. The case was filed in 1980, but resolution was delayed until 1986, by which time the Fire District had filed amended complaints to add charges for the years 1980, 1981, 1982, and 1983. Finally, on September 15, 1986, the trial court granted summary judgment in favor of the Fire District, awarding the Fire District all outstanding service charges from 1978 to 1986, and attorney fees. The parties against whom the judgment was entered are the Industrial Board, Dewberry Alabama, Dewberry, and National.
On appeal, the Industrial Board argues that, because it is exempt from all taxes in Alabama, Code of Alabama (1975), § 11-54-96, it is exempt from the charges of the Fire District, because, it argues, the charges are a tax. We do not agree. The case that is dispositive of this issue is Horgan v. Dauphin Island Water & Sewer Authority, 409 So.2d 1359 (Ala.1982), in which this Court chronicled the legal history of special assessments, stating that a special assessment levied against property that benefits from a public improvement is not a tax. With a special assessment, “[t]he owners do not, in fact, pay anything in excess of what they receive by reason of such assessment.” Horgan, at 1367, quoting Collins v. Hollis, 212 Ala. 294, 299, 102 So. 379, 384 (1924) (Gardner, J., dissenting). See Norwood v. Baker, 172 U.S. 269, 19 S.Ct. 187, 43 L.Ed. 443 (1899). However, “[a] tax, it is said, is a contribution to the general fund, the amount of it is taken from the individual, and nothing which benefits him individually, as distinguished *492 from the mass of citizens, is given in the place of it. He pays, and by the amount he pays is poorer than he was before.” Horgan, at 1366, quoting Collins v. Hollis, supra (Gardner, J., dissenting and quoting Mayor & Aldermen of Birmingham v. Klein, 89 Ala. 461, 466, 7 So. 386, 388 (1889)).
The charges in question, like a special assessment, are made non-uniformly, depending upon the specific service and/or upon the classification of the property served. The owners are all located within a specifically defined geographical area, and they do not pay for anything in excess of the fire protection service they receive. Additionally, because of the service provided, the value of their property is increased and their insurance rates are lowered. As the Fire District argues, the appellants’ contention that the Fire District charges constitute a tax collapses under the overwhelming weight of authority to the contrary, and consequently the Industrial Board is liable for payment of the fire protection fees.
Dewberry’s argument supporting its refusal to pay the fees is that the charges for fire protection are to be levied only against the land and landowners, and because neither Dewberry nor its affiliates own any land, they are not liable for payment. However, the schedule of service charges adopted for the Fire District state that the charges are the personal obligation of the occupant and the landowner. Under the schedule, “occupant” is defined as including persons who have the right to occupy the structure. Here, that would include Dewberry Alabama as well as Dewberry and National, and the schedule specifically states:
“In the case of multiple units, the district may, at its option, elect to bill and collect from the record owner of an apartment complex, an office building, a shopping center, an industrial development property, the land upon which mobile homes are located, or, the district may, at its option, elect to bill and collect from the occupants of the individual units, contained in such complexes, buildings, centers and properties.”
Therefore, we affirm the trial court’s holding that the occupants and landowners are jointly and severally liable to the Fire District for the service charges and that Dewberry and its affiliated corporations are “persons and properties served by the system” within the purview of 1977 Ala. Acts, No. 62, § 12 (1977 Special Session), the enabling legislation providing authority for the creation of the Fire District. Furthermore, Dewberry and its affiliate National are occupants of the subject premises, and, as such, they, as well as Dewberry Alabama, are liable to the Fire District for payment of a fee based upon their proportionate occupancy.
Another issue raised by the appellants is that amendments of the complaint to include charges for the years 1980 and thereafter were improper, because the charges for 1980-1983 do not relate back to the date of filing of the original complaint, and charges for 1984-1986 were never included in the complaint. However, A.R. Civ.P. 15(d) permits the trial court to allow supplemental pleadings that relate to claims arising after the filing of the pleading sought to be amended. Therefore, the trial court properly allowed the supplemental pleadings. Disallowing the supplemental pleadings would have had no practical effect other than to put the plaintiff to the expense of filing a new and separate suit each year, followed by a motion to consolidate, which would have been granted. We find that the final judgment of the trial court as to all accrued claims was properly entered, and the judgment is due to be affirmed.
The final issue raised by the appellants concerns the award of attorney fees incurred in collection of the service charges. Dewberry and its affiliates, and the Industrial Board, contend that the award of attorney fees was error. We disagree. Amendments 343 and 370 of the Constitution of Alabama of 1901 authorize a fire district “to fix and collect rates, fees and charges for such services, and to provide penalties for non-payment.” In ac *493 cordance with this legislation, the Fire District set up a schedule of charges allowing recovery of attorney fees incurred for collection of service charges. This schedule was properly adopted by a majority of the voters in the district. Thus, the award of attorney fees has been authorized. Furthermore, the award is not excessive. It is approximately equal to one-third of the amount of recovery. The fee calculated according to the actual hours expended by the Fire District’s attorney at the agreed-upon hourly rate exceeded the amount awarded, and the attorney presented proof of the hours spent and the services rendered. The trial court awarded a fee that was reasonable under all the circumstances.
The final judgment in favor of the Fire District is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ADAMS, HOUSTON and STEAGALL, JJ., concur.