This appeal involves a judgment for the Concord Fire District (Concord) and against Robert O. Holmes, a homeowner in the fire district, for service charges levied upon residents of the fire district for purposes of fire and medical rescue services. Concord is a public corporation created in 1975 pursuant to Ala. Acts 1966, Act No. 79, Special Session 1966. The establishment of fire districts in Jefferson County was originally authorized by Amendment 239, Ala. Const. 1901, subsequently amended by Amendments 314 and369, Ala. Const. 1901. These amendments specifically provide that the expenses of the fire districts of Jefferson County be paid from the proceeds of a "service charge" levied by the district's governing body. No question is raised regarding the efficacy of the public corporation created pursuant to the enabling legislation cited above, nor is it questioned that Holmes is a resident homeowner within the fire district.
Concord initially filed suit in the Small Claims Court, seeking unpaid service charges from Holmes since the creation of the fire district. That court ruled in favor of Concord, and Holmes appealed to the circuit court, wherein judgment was also rendered in favor of Concord and against Holmes. Holmes appeals, contending that the service charge is a property tax and that it is levied in violation of the Alabama Constitution requirement that all unexcluded property be taxed in exact proportion to its value. Holmes additionally contends that the action should have been dismissed for failure of Concord to join Holmes's wife, a joint owner of the premises, as a necessary party to the action.
The party mounting a constitutional challenge to a statute bears the burden of overcoming a presumption of constitutionality. City of Hoover v. Rocky Ridge Fire District,460 So.2d 192 (Ala.Civ.App. 1984). Moreover, a "State is afforded wide leeway when experimenting with the appropriate allocation of state legislative power." Holt Civic Club v. Cityof Tuscaloosa, 439 U.S. 60, 71, 99 S.Ct. 383, 390,58 L.Ed.2d 292 (1978); City of Hoover, supra, "The number, nature, and duration of the powers conferred upon [municipal] corporations and the territory over which they shall be exercised rests in the absolute discretion of the state." Hunter v. City ofPittsburgh, 207 U.S. 161, 178, 28 S.Ct. 40, 46, 52 L.Ed. 151
(1907).
This court has previously held that the Alabama Legislature has the authority to create fire districts, for such is a legislative matter. City of Hoover, supra. The statute creating the fire district provides for revenue to be raised as follows:
 "Section 12. The expense of establishing and maintaining a district shall be paid for by the proceeds of a service charge which shall be levied and collected in an amount sufficient to pay said expense. Said service charge shall be levied upon and collected from persons and properties served by the system. Such charge shall be a personal obligation of the occupant of the property served by the system; and to secure the collection of the charge there shall be a lien against said property in favor of the district, which lien shall be enforceable by sale thereof in the same manner in which the foreclosure of a municipal assessment for public improvements is authorized."
Act No. 79, 1966 Ala. Acts, 110 (Spec. Session). *Page 813 
Holmes argues that this section amounts to the levy of a tax and violates the Alabama and United States Constitutions. We do not agree. Dispositive of this issue is DewberryEngraving Co. of Alabama, Inc. v. North Shelby County Fire Emergency Medical District, 519 So.2d 490 (Ala. 1987), in which our Supreme Court held that fire district charges are not a "tax" but are like special assessments, made non-uniformly, depending on the specific service or classification of the property served.
In Horgan v. Dauphin Island Water Sewer Authority,409 So.2d 1359 (Ala. 1982), our Supreme Court chronicled the legal history of special assessments, such as here, stating that a special assessment levied against property that benefits from a public improvement is not a tax. There, it is written that, with a special assessment, "[i]n the words of Justice Gardner: 'The owners do not, in fact, pay anything in excess of what they receive by reason of such assessment.' " Horgan at 1367. See Collins v. Hollis, 212 Ala. 294, 102 So. 379 (1924). See also Village of Norwood v. Baker, 172 U.S. 269,19 S.Ct. 187, 43 L.Ed. 443 (1898). However,
 " '[a] tax, it is said, is a contribution to the general fund, the amount of it is taken from the individual, and nothing which benefits him individually, as distinguished from the mass of citizens, is given in the place of it. He pays, and by the amount he pays is poorer than he was before.' "
Horgan at 1366. (Quoting Mayor and Aldermen v. Klein, 89 Ala. 461,7 So. 386 (1889).)
 "The charges in question, like a special assessment, are made non-uniformly, depending upon the specific service and/or upon the classification of the property served. The owners are all located within a specifically defined geographical area, and they do not pay for anything in excess of the fire protection service they receive. Additionally, because of the service provided, the value of their property is increased and their insurance rates are lowered."
Dewberry at 492. Holmes's argument that the charges constitute a tax collapses under the overwhelming weight of authority to the contrary, and, consequently, he is liable for payment of the fire protection fees.
Holmes next contends that the action should have been dismissed for failure to join Mrs. Holmes, his co-tenant, as a necessary party. Holmes cites Rule 17, A.R.Civ.P. as the basis for this argument; however, there was no evidence presented to the trial court that Holmes was not a "real party in interest" or that Mrs. Holmes was "the real party in interest." Holmes apparently claims that Mrs. Holmes was a "necessary" party to the proceedings and that the failure of the trial court to address that issue merits a reversal.
After reviewing the record, we find no indication that Holmes asserted the defense of failure to join an indispensable party during the trial by way of any pleading or motion. This issue is raised, if at all, only by Holmes's motion for a new trial, which states: "The court failed to determine that if Mrs. R.O. Holmes was an owner and she was never given notice of suit and was a necessary party to this action [sic]." If Holmes was attempting to defend on the basis of protecting the property interest of his wife as a non-party or to seek to induce her to protect her own interest, he could have attempted to do so at trial via Rules 19(a)(2), 12(b)(7), or 12(h)(2), A.R.Civ.P.
Rule 12(h)(2), states, in applicable part, that "a defense of failure to join a party indispensable under Rule 19 . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." There being no record that Holmes asserted the defense of failure to join an indispensable party during the trial, we are precluded from speculating as to the possibility that Holmes properly raised the issue of the omission of an indispensable party at the trial on the merits. According to the plain language of Rule 12(h)(2), the failure to join an indispensable party is waived if it is not presented before the close of trial. English v. English,352 So.2d 454 (Ala.Civ.App. 1977). Thus, we must conclude that he did not raise the issue of an indispensable party in a timely manner. English, supra. *Page 814 
Based upon the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.