OF

## THE DECISIONS

OF

# THE SUPREME COURT OF ALABAMA,

## July Term, 1831.

TOWNS, Ex'r. *versus* BARDWELL, Adm'r.

The statute of limitation, generally, does not operate on a contract, until the party is within the jurisdiction of the State, where sued.

A replication to a plea of the statute of limitations, *that the maker of a note, at the time of its execution, resided in the State of North Carolina ; and had not resided in Alabama, six years before the issuance of the writ*, held good, on demurrer. *Semble*—It would not be so, if the statute had perfected a bar *before* the parties removed from the jurisdiction where the contract was entered into.

This action was debt in the Circuit Court of Franklin, and was founded on a promissory note executed by Felton, the testator of Towns, to Bardwell, the administrator of Celia Guin. To the suit, the defendant plead the statute of limitations of six years: to which it was replied, that Felton, the testator, had executed the note in the State of North Carolina; and had not resided in the State of Alabama for the

term of six years, next before the issuance of the writ. On demurer, the Court held the replication good : and judgment on writ of enquiry being had for the plaintiff, Towns by a writ of error sought a revision of the question here.

The case was argued by *Ormond* for plaintiff; and by *Wm. B. Martin,* for defendant.

On the part of plaintiff it was said—that the decision of the Court on the demurrer amounted to this— no matter what time had elapsed in another State, yet if the party had not resided six years in this State, his plea was bad. In a case of slander, brought six months after the removal of a party, though the slander might be twenty years old, yet it would not be barred. Again in case of a note, of twenty years standing, after all evidence of payment was destroyed or lost, on this decision it could be recovered.

The statute only contemplated citizens of this State, not all the world, and does not meet a case of this kind.—*Ala. Dig.* 460.

The statute does not operate on foreign contracts. —1 *Caines,* 402.

When the statute begins to run, it continues.— 1 *Johns.* 165.

For defendant it was insisted, that plaintiff should have rejoined. Any exception he was entitled to, was not properly to be noticed on demurrer.

The only fact necessary to render the replication good, is alleged—2 *Mas. R.* 89.—*Dean & Earle* vs. *Pitts,* in this Court.

LIPSCOMB C. J.—This action was founded on a promissory note, dated 28th March, 1820, and payable two days after date. The defence set up was, that the cause of action had not accrued within six years. The plaintiff replied, that William Felton, the defendant's testator, at the time the note was executed, resided in the State of North Carolina, and had not resided in the State of Alabama for the term of six years next before the issuance of the original writ in this case, &c. To this replication the defendant demurred, on which demurrer, the Court below, gave judgment in favor of the plaintiff; and this judgment is now sought to be reversed. The plaintiff in error urges, that the statute of limitations of personal actions of this State must govern; and that it commences running from the maturity of the note. It is argued, that this case does not come within the exceptions in our statute, that the defendant had never removed from this State, and had done nothing to prevent suit being brought against him. He contends, that the replication furnishes no answer in law, to the defence set up; that if the replication should be sustained in a country like ours, where emigration and change of residence are so frequent, it would be productive of serious hardship, and much fraud. Stale demands, he alleges, would be raised and prosecuted after the receipts and other evidences of payment and satisfaction had been lost or forgotten.

The most important question presented by the record, and the one that must dispose of this case, is, as to what time we shall fix for the statute to commence operating on the contract on which this suit was brought. The plea is, that the cause of action

had not accrued within six years.   If the right of action accrued at the maturity of the note, as contended for by the counsel for the plaintiff in error, the defence would then be complete : if however, the right of action did not accrue until the maker of the note placed himself in a situation to be operated on by the process of our Courts, his defence must fail him.

Statutes prescribing remedies, have always been confined in their influence, to the Courts of the State or sovereignty by which they have been ordained or enacted : a distinction is recognized between a right, and a remedy for enforcing a right; the right is uniform, fixed, and unchangeable : but when a right withheld or denied, is sought to be enforced or remedied, the party seeking such redress must be governed in the *modus operandi* for obtaining such redress, by the rules of the forum to which he resorts.   Our statute of limitations then, in its limited operation, could not apply to the contract under consideration, until the defendant had placed himself within the jurisdiction of our Courts.   This seems to be the most sensible construction that can be given to the terms used in the statute, and would be the most obvious conclusion even if the question was *res integra*.   But it is not now for the first time to be decided :   this construction has been given by eminent Judges to similar statutes.   In the   case of *Ruggles* vs.   *Keeler*[a] Judge *Kent* is very explicit in laying down the doctrine, that the statute does not operate until the party is within   the jurisdiction of the   State ; and   he shews, that this had been the uniform   rule of decision under the   English statute ; that it is not limited in its operation to English subjects, but extends to

*[a] 3 Johns. R. 263.*

all suitors who seek a remedy in their Courts.   The same doctrine is held in *Massachusetts*,[a] and it is confidently believed that not a single adverse authority can be found.  We are therefore of opinion that the replication in this case is good, and was properly sustained. But in acknowledging the generality of the rule, that the statute of limitations applies to the remedy and not to the right, we wish not to be understood as committing ourselves to sustain the rule to the full extent, that has been claimed for it by some eminent jurists. We in this case only decide, that if the bar has not become perfect, the statute does not affect the right. If, however, the statute had interposed and perfected a bar to a recovery before the parties removed from the jurisdiction where the contract was entered into, some of us at least would pause and hesitate much, before we would set aside that bar, and open the remedy to the enforcement of the contract.   I should incline much against authority, I admit, to the opinion, that after the statute had fully performed its functions and consummated its object, the bar to a recovery so affected, would assume the dignity of a right.