# Champion *v.* Central of Georgia Railway Co.

## *Damages for Flooding Lands.*

(Decided Jan. 20, 1910. 51 South. 562.)

1. *Appeal and Error; Assignment; Review.*—When the record fails to show the giving of a charge, an assignment of error based thereon cannot be considered.

2. *Same; Objections Below; Review.*—Where no objection was made and no exception reserved to the ruling which forced plaintiff to take a non suit, the ruling cannot be reviewed on appeal.

3. *Same; Invited Error.*—A party cannot complain on appeal of a judgment requested by him.

4. *Same; Exception; Necessity for.*—Where no exception was reserved to the action of the court in committing the refiling of a plea after demurrer had been sustained to it, the action of the court is not reviewable on appeal.

APPEAL from Shelby Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by S. Z. T. Champion against the Central of Georgia Railway Company, for damage for flooding land. From an adverse ruling of the court the plaintiff

took a nonsuit with bill of exceptions, and brings an appeal.  Affirmed.

SAM WILL JOHN, for appellant.—Counsel discuss the merits of the case and cites authority in support thereof, but does not discuss the matters and things decided in the opinion.

LONDON & LONDON, for appellee.—Counsel discuss the merits of the case on appeal with citation of authority in support thereof, but insist that the questions are not raised by the record, and that, therefore, they ought not to be considered.

MAYFIELD, J.—The appeal in this case is from a voluntary nonsuit, with a bill of exceptions, as is provided by section 3017 of the Code.  This section reads as follows:  "If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling, or decision may be reserved for the decision of the Supreme Court by bill of exceptions or by appeal on the record as in other cases."

The bill of exceptions concludes as follows:  "The plaintiff rested his case, whereupon the defendant moved the court for leave to reinterpose its plea No. 3, being the plea of the statute of limitations of one year, to which a demurrer had theretofore been sustained by the court, upon the argument of which motion plaintiff's counsel again asserted and asseverated that his action was in trespass from the beginning to the end, and that the plea of the statute of limitations of one year was not applicable thereto.  The court granted the motion,

and allowed the plea to be refiled, and the same was re-
filed. The defendant offered no evidence, and requested
the court in writing to instruct the jury, if they believ-
ed the evidence, to find a verdict for the defendant. The
court intimated it would give the charge as requested,
and because of the court's announcement that the court
would give the general affirmative charge for the defend-
ant, as requested, plaintiff took a nonsuit, with bill of
exceptions. During the argument by plaintiff's attor-
ney against the giving of the affirmative charge for de-
fendant, the court repeatedly asked him whether he in-
sisted that any of the counts of the complaint were in
case, and he invariably answered that the complaint
from the beginning to the end was in trespass. When,
later on, he intimated that some of the counts might be
in case, defendant's attorney stated that he' (plaintiff's
attorney) was committed to the proposition that all the
counts were in trespass, as he had repeatedly so stated.
and, if a bill of exceptions was ever signed, it would
be shown therein that he had so repeatedly stated, to
which plaintiff's attorney replied, 'I suppose you will
prepare the bill of exceptions.' Some rejoinder was
made by defendant's attorney, and the court remarked,
'It certainly will go in, as the statement has been re-
peatedly made by you,' referring to plaintiff's attorney.
And plaintiff now tenders this bill of exceptions, within
the time allowed by the order of the court entered on
the minutes in term time, and which is signed as such
bill of exceptions within said time on the 7th day of
May, 1906."

The first error assigned is the giving of the affirma-
tive charge for defendant. The record affirmatively
shows that the charge was not given, so we cannot re-
view this assignment.

[Champion v. Central of Georgia Railway Co.]

The second error assigned is: "The court erred in its ruling that forced the plaintiff to take a nonsuit." The record fails to show any exception to any ruling of the court. It relates: "The court intimated it would give the charge as requested, and because of the court's announcement that the court would give the general affirmative charge for the defendant, as requested, plaintiff took a nonsuit, with a bill of exceptions." This was no ruling of the court. It was a mere intimation or announcement by the court to counsel of the intention of the court as to how it would rule as to a certain requested charge. Moreover, no objection or exception appears to have been made or reserved to such action of the court, without which we cannot review it.

The exception is that the court erred in the judgment rendered. The judgment rendered was a voluntary nol. pros. taken by the plaintiff, and of course he cannot complain of it. It is what he requested.

The last exception is to the allowing of a plea to be filed after demurrer had been once sustained. If this was error, it is not shown to have been excepted to, and, moreover, we do not see that it was reversible error.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, J.J., concur.