(91 South. 478)

NEIGHBORS et al. v. LAUDERDALE.
(5 Div. 749.)

(Supreme Court of Alabama. Nov. 10, 1921.)

**1. Novation ⬯11—Pleas in action on notes held sufficient to allege novation.**

Pleas, admitting that the answering defendants were bound by the note sued on to repay to plaintiff the sum represented thereby, for which he had given his note to a bank in which they were stockholders for its accommodation, but that thereafter, on demand of the state bank examiner, it was agreed that the plaintiff should pay his note to the bank, and in consideration of such payment the answering defendant advanced $5,000 to the bank, which was a novation of the contract evidenced by the note, and relieved the defendant from any obligation to pay the note, sufficiently alleged a novation to be good against demurrer.

**2. Pleading ⬯194(1) — Plea alleging facts which may support alleged conclusion good as against demurrer.**

A plea, stating facts which may support by rational inference the necessary conclusion, and expressly alleging the conclusion, is sufficient against demurrer, though the ultimate conclusion on the trial of the issue may be adverse to the pleaded conclusion.

**3. Bills and notes ⬯475 — Pleas alleging conditional delivery but failed to set forth breach held demurrable.**

Pleas, alleging that the defendant signed the note sued on as security for a bank which

agreed to execute a mortgage to plaintiff to secure the advance made by him to the bank in consideration of the note, if intended to allege a conditional delivery of the note, were demurrable, where one of the pleas wholly failed to allege there was such a condition, and the other wholly failed to show any breach of it.

#### 4. Bills and notes ☞475—Plea, alleging condition, defective as not alleging agreement thereto by payee.

A plea, alleging that defendant signed the note on the representation by the comaker, who then had the note in his possession, that the advances made by the payee to a bank in consideration of the note would be secured by a mortgage of the bank's property, if intended to allege a condition precedent to defendant's liability on the note, was defective for failing to allege the condition was agreed to by plaintiff; it not being shown that the joint maker was plaintiff's agent.

Appeal from Circuit Court, Coosa County; E. J. Garrison, Judge.

Action by A. R. Lauderdale against T. L. Neighbors and others, upon a promissory note. Judgment for the plaintiff, and the defendants appeal. Reversed and remanded.

The defendant T. L. Neighbors filed the following pleas:

A. Said defendant says the plaintiff ought not recover against defendant in said cause for this: That the note sued on in this case was given to the plaintiff as security for money for which he was to advance to the Farmers' & Merchants' Bank of Goodwater, but the said A. R. Lauderdale did not, at the time said note was executed, advance said money to said bank, but merely executed his note to said bank for the sum of $3,800; that subsequent to said date the said bank, being greatly in need of funds and being in an embarrassed condition, A. E. Walker, Superintendent of Banks of Alabama, required and demanded of the directors and stockholders that they raise and deliver to said bank a large sum of money, to wit, $6,000 for the purpose of repairing the capital stock of said bank, which had been greatly reduced by losses, that the plaintiff, this defendant, and others of the stockholders of said bank met together to discuss the question of raising the money which the said Superintendent of Banks had demanded, at which time this defendant agreed that he would furnish to said bank $5,000 in cash, to be used by said bank in relieving its said embarrassment, provided certain others of said stockholders, the plaintiff among others, would also assist by furnishing a like sum; that the plaintiff stated that he would not put up or furnish said sum of $5,000, but that he would pay the note of $3,800, which he had previously given said bank; that this defendant thereupon delivered to said bank the sum of $5,000 to be used by it, taking therefor no security whatever, and the plaintiff, pursuant to said agreement, paid to said bank said note for $3,800, which he had previously given to said bank; it being agreed at the time that this defendant should be paid the money thus advanced by them out of

the future earnings of the said bank. This defendant avers that this was a novation of the said contract as evidenced by the note sued on in this case, was a complete change of said contract, and that this defendant was thereby relieved from any duty or obligation to pay said note, and that he is no longer bound thereby, but is fully and entirely discharged from said obligation.

D. Said defendant says that the plaintiff ought not to recover against this defendant in said cause for this: That the note sued on in this case was given to the plaintiff as security for money for which he was to advance to the Farmers' & Merchants' Bank of Goodwater, to wit, the sum of $3,800, but the plaintiff did not at the time said note was executed advance said money to said bank, but merely executed his note to said bank for the sum of $3,800; that subsequent to said date, the said bank being greatly in need of funds and being in an embarrassed condition, A. E. Walker, Superintendent of Banks of Alabama, required and demanded of the directors and stockholders of said bank that they raise and deliver to said bank a large sum of money, to wit, $6,000, for the purpose of repairing the capital stock of said bank, which had been greatly reduced by losses; that the directors of said bank decided that a larger sum than $6,000 would be required to keep said bank in condition to continue to do a banking business; that this defendant proposed to the plaintiff that he would furnish to said bank the sum of $5,000 in cash, if the plaintiff and Z. D. McCord would each furnish to the bank a like amount; that the plaintiff said that he would not advance the sum of $5,000, but that he would pay the $3,800 note previously given by him to the bank, which with the interest thereon amounted to about the sum of $4,100 or $4,200, and that they would all get their money back from the bank out of its future earnings; that thereupon the said Z. D. McCord executed to said bank his promissory negotiable note for the sum of $5,000, which said note was sued by said bank as security upon which to borrow money, and that said bank did borrow the sum of $5,000, using said note with other collateral as security for the same, and that this defendant, pursuant to said agreement, delivered to said bank the sum of $5,000 in cash, and the plaintiff paid to said bank said $3,800 note, which he had previously given to said bank, with the interest thereon. This defendant avers that he advanced and delivered said sum of $5,000 to said bank, in consideration of the agreement of the plaintiff that he would pay said note to the bank, and would get his money in payment of the sum so paid by him out of the future earnings of the bank. This defendant avers that this was a novation of the said contract as evidenced by the note sued on in this case, was a substitution of a new agreement for the old contract evidenced by said note, was a complete change of said contract, and that this defendant was thereby relieved from any duty or obligation to pay said note, and that he is no longer bound thereby, but is fully and entirely discharged from said obligation.

(5) That he signed said note as security for Farmers' & Merchants' Bank, and at the time he signed the note sued on M. M. Epps, who

procured him to execute said note, told him that the Farmers' & Merchants' Bank would execute to Mr. A. R. Lauderdale, the plaintiff, a mortgage or deed of trust on the bank building and fixtures of the Farmers' & Merchants' Bank to secure the loan that Mr. Lauderdale was to make to the bank, and for which the note sued on was signed, and said defendant signed said note with the understanding that this would be done, and was induced to sign said note by said statement and representation of the said M. M. Epps, who had said note at the time, and to whom and at whose request he signed the same, and defendant avers that said mortgage or deed of trust was not executed to the plaintiff as stated and agreed, and this defendant is therefore not bound by said note, and ought not to be required to pay the same.

(6) That said defendant T. L. Neighbors signed the note sued on in this case in consideration that the plaintiff, A. R. Lauderdale, would advance to the Farmers' & Merchants' Bank the sum of $3,800, and at the time he signed said note M. M. Epps, who procured said defendant to sign said note, and who was president of Farmers' & Merchants' Bank and was also acting for the plaintiff, A. R. Lauderdale, told this defendant that the Farmers' & Merchants' Bank would execute to A. R. Lauderdale a mortgage or deed of trust on its bank building and fixtures to secure the loan of the $3,800 which the said A. R. Lauderdale was advancing to said bank, and said defendant signed said note with the understanding and on condition that said mortgage or deed of trust would be executed and delivered to the said A. R. Lauderdale, and that said note to be used unless said mortgage or deed of trust was executed.

James W. Strother, of Dadeville, Riddle & Riddle, of Talladega, N. D. Denson & Sons, of Opelika, Rushton & Crenshaw, of Montgomery, and John A. Darden, of Goodwater, for appellants.

Contracts are determined by the intentions of the party. 66 Ala. 189; 70 Ala. 136; 72 Ala. 170; 93 Ala. 375, 9 South. 594. The allegations of pleas A and D meet all the requirements of good pleading and set up a good defense to the action. 29 Ala. 464; 67 Ala. 165; 18 Ala. 700; 61 Ala. 155; 49 Ala. 84; 64 N. H. 140, 6 Atl. 27, 10 Am. St. Rep. 390; 1 C. J. 575. Pleas 5 and 6 were good. 200 Ala. 182, 75 South. 930; 105 Ala. 644, 17 South. 336; 196 Ala. 385, 72 South. 8; 108 Ala. 146, 19 South. 63, 31 L. R. A. 234; 4 C. J. 69; 6 Ala. App. 249, 60 South. 744; 54 Ala. 414, 25 Am. Rep. 703.

S. J. Darby, of Alexander City, E. P. Gay, of Ashland, and J. Sanford Mullins, of Alexander City, for appellee.

Pleas A and D were subject to the demurrer. 86 Ala. 414, 5 South. 169; 29 Cyc. 1131–1133; 162 Ala. 384, 50 South. 332; 201 Ala. 222, 77 South. 748. There are no demurrers in the record to pleas 5 and 6, and hence this court cannot pass upon them. 202 Ala. 422, 80 South. 806; 16 Ala. App. 189, 76 South. 473; The demurrers were properly sustained to them, however. 180 Ala. 568, 61 South. 272. Lauderdale was a holder for value. 17 Ala. App. 378, 85 South. 571; sections 4983, 4984, Code 1907. The note was not an accommodation paper. 23 Colo. 380, 48 Pac. 507.

SOMERVILLE, J. The questions of importance presented by the record are upon the sufficiency of pleas A, D, 5, and 6, to which demurrers were sustained, and upon the propriety of the judgment rendered for plaintiff on the issues joined.

[1] Defendants' contention is that pleas A and D, while admitting that the note sued on bound them to repay to plaintiff the sum of $3,800 to be advanced by him to the bank for its accommodation, thereby relieving him entirely from the burden of a contribution to accommodate the bank such as defendants were making, nevertheless set up a new agreement, by the terms of which, express or implied, plaintiff undertook to pay his $3,800 note to the bank without reimbursement from defendants, upon the consideration that defendant T. L. Neighbors would advance to the bank the sum of $5,000, as proposed by Neighbors, and which was actually advanced by Neighbors upon the consideration of plaintiff's payment of his $3,800 note without indemnification.

If the allegations of the plea show the mutual obligations above stated, unquestionably the one obligation or undertaking is a sufficient consideration for the other. The sufficiency of the pleas depends, therefore, in the last analysis, upon the sufficiency of their allegations as to plaintiff's undertaking, to show a novation or substituted agreement which operated as a discharge of defendants' original obligation to reimburse him.

Looking merely to his agreement to pay his own note, it is clear that that agreement would support nothing more than a conjecture that he was to pay it without reimbursement, i. e., as his own primary obligation; and the necessary intendment would fail. But looking to all the facts and conditions shown by the pleas, the intendment becomes clearer, and the conclusion of a novation operating as a primary obligation on plaintiff to pay his note without reimbursement passes from the realm of conjecture into the realm of rational and permissible inference. It is, indeed, rather improbable that Neighbors would have made a new contribution of $5,000 to meet the necessities of the bank in order merely to induce plaintiff to do something which he was already bound to do under an obligation then existing; and the opposing inference of fact finds some support in plaintiff's accompanying statement that "they would all get their money back from the bank out of its future earnings."

[2] When facts are pleaded which may support by a rational inference of fact the necessary conclusion, and that conclusion is expressly alleged, the plea will be deemed sufficient as against demurrer. West v. Spratling, 204 Ala. 478, 86 South. 32.

We hold that the pleas in question were not subject to any of the grounds of demurrer assigned, and should have been entertained by the court, though the ultimate conclusion on the trial of the issue may have been adverse to the pleaded conclusion.

[3] Pleas 5 and 6 are, we think, clearly bad. If their intent is to set up a conditional delivery of the note—and plea 6 could intend nothing else, and they are both thus considered by appellants' counsel—plea 5 wholly fails to show such a condition, and plea 6 wholly fails to show any breach of it.

[4] On the other hand, if the intent of plea 5 is to inject into the contract a condition precedent to defendants' liability on the note, it is fatally defective in not showing that such a condition was agreed to by the plaintiff, the payee in the note, it not being shown that M. M. Epps, who was a joint maker, and who made the promise that the bank would secure the advancement by giving a mortgage security to plaintiff, was the agent of plaintiff in securing the note.

These defects are pointed out by apt grounds of demurrer, and the demurrer to each was properly sustained.

We deem it unnecessary to consider whether plea 4 was supported by the evidence in such wise as to require a judgment for defendant on the issue it presented, as the judgment must be reversed and another trial had, on the issue presented by pleas A and D.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.