(117 So. 415)

**ROBERTSON v. COLLINS, Judge, et al.**
**(6 Div. 401.)**

Supreme Court of Alabama. May 10, 1928.

Rehearing Denied June 28, 1928.

See, also; 212 Ala. 294, 102 So. 379.

Thos. C. McClellan and Coleman, Coleman, Spain & Stewart, all of Birmingham, and James J. Mayfield, of Montgomery, for appellant.

R. F. Peters, of Fayette, for appellees.

Brief did not reach the Reporter.

This cause was submitted under rule 46, and the opinion of the court was delivered by Mr. Chief Justice ANDERSON.

The question involved in this case is the constitutionality vel non of the Drainage Act of 1915, p. 167 (Laws 1915), as amended by the Act of 1923, p. 514 (Laws 1923). Or, as stated in brief of appellant's counsel:

(1) "Is the aforesaid act violative of section 23 of the Constitution of Alabama, in that it authorizes taxation or forced subscription for the benefit of individuals or associations or corporations other than municipal corporations?

(2) "Is the act aforesaid violative of section 212 of the Constitution of Alabama in that it attempts to delegate to individuals or private corporations or associations the power to levy taxes or assess benefits?"

We think both of these inquiries were answered in the affirmative in the case of Collins v. Hollis, 212 Ala. 294, 102 So. 379, and that the first one was, in effect, so answered in the case of Bradley v. State, 210 Ala. 166, 97 So. 543.

As we understand the Collins Case, supra, it followed and reaffirmed the Bradley Case, supra, and was to this extent concurred in by the majority and which was to the effect that the act violated section 23 of the Constitution and, that being the case, it made no difference whether it did or did not violate section 212, though three of the justices thought that it also violated section 212.

While the act considered in the Bradley Case, supra, was a road law, it involved the same principle as the one in hand as to the assessment for betterment or benefits. At least, it was not only so considered by this court, but was so interpreted by the Legislature as settling the invalidity of the Drainage Act, else it would have hardly gone to the trouble and expense of submitting to the people for ratification the drainage tax amendment which is set out in the Acts of 1923, p. 592, and which was subsequently adopted. The Bradley decision was announced January 4, 1923, and the act submitting the amendment was approved September 26, 1923. It is true, the Agricultural Act, 1923, p. 514, deals among other things with drainage, but it was evidently incorporated therein to provide for such a scheme if the amendment was adopted and which act submitting same was prior to the approval of the Agricultural Act.

The judgment of the circuit court holding that the act was invalid and denying the mandamus is affirmed.

Affirmed.

SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

GARDNER and BROWN, JJ., dissent.

BOULDIN, J., not sitting.