(118 So. 501)

HEADLEY'S EXPRESS & STORAGE CO. v. ROANOKE OIL CO. (5 Div. 708.)

Court of Appeals of Alabama. Nov. 8, 1928.

D. T. Ware, of Roanoke, and A. L. Crumpton, of Ashland, for appellant.

Denson & Denson, of Opelika, for appellee.

SAMFORD, J. The following appears as the only assignment of error:

"Appellant's Assignments of Error.

"The trial court erred in directing a verdict for the appellee, defendant in court below. The case was submitted on agreed statement of facts. It was an action of assumpsit by appellant for freight and storage, which was admitted to be unpaid by appellee. It was purely a question of law as to whether appellee was bound for amounts sued for and claimed by appellant. The court erred in finding for appellee.

"It was certainly error to find for appellee on proposition of storage and insurance. The agreed statement of facts as shown on pages 14–15 of this record show that more than four hundred dollars were due appellant by appellee or consignee for storage and insurance. This was admitted of course. The right of appellant to sell the linters under its lien was undenied, it was also undenied that only one hundred and twenty dollars was ever paid on the entire account which left a balance of above three hundred dollars due appellant for storage, insurance, etc. The court was clearly in error in finding against appellant for the balance due as above set out."

■■ The first sentence of the above is sufficient as an assignment of error under Supreme Court Rule 1. The remainder of the assignment is a mere argument and is surplusage.

■ The record fails to disclose any ruling of the court "directing a verdict for the defendants," either orally or in writing. In the absence of such a ruling by the court there is nothing presented for review, and the judgment must be affirmed. Champion v. Cent. of Ga. Ry. Co., 165 Ala. 551, 51 So. 562.

Affirmed.