158 So. 326

## SIMS v. TIGRETT.

### I Div. 814.

Supreme Court of Alabama.

Dec. 20, 1934.

Henry Upson Sims, of Birmingham, and Mahorner & Mahorner, of Mobile, for appellant.

488

Lyons, Chamberlain & Courtney, of Mobile, for appellee.

FOSTER, Justice.

This is an action by appellant against appellee for deceit in the sale of bonds. From adverse rulings of the court plaintiff took a nonsuit, and assigns such rulings as error.

No question is presented as to the sufficiency of the complaint. Defendant filed two pleas; one was the general issue, and the other (number two) was that the cause of action is barred by the statute of limitations of one year. There are two counts in the complaint to which the pleas were interposed. Both alleged that "defendant is a non-resident of Alabama, residing ever since March

14, 1923, and prior thereto, in the state of Tennessee." The date named was the date of accrual of the alleged cause of action. Plaintiff's demurrer to plea 2 tested its sufficiency by virtue of section 8958, Code, in connection with the allegation in the complaint of nonresidence of defendant. The demurrer was overruled. Thereupon plaintiff presented the same question in the form of replication numbered 2, which made substantially the same allegations as to defendant's nonresidence as that in the complaint, but without alleging his absence from the state.

Section 8958, Code, is that absence of defendant from the state must not be computed as a portion of the time in which the statute of limitations extends. So that the first question is whether an allegation in a complaint or replication of defendant's continued nonresidence during the period of time extending from the accrual of the cause of action to the institution of the suit is in substance and effect equal to an allegation of his continued absence from the state during that time.

A kindred question is likewise claimed to exist in this case arising from the state of the proof. After the court had sustained demurrer to replication Number 2, others were filed which alleged in substance that defendant's presence in Alabama, during the period mentioned, did not extend all told to an aggregate of twelve months. The proof tended to show defendant's nonresidence at the time of the accrual of the cause of action and by inference extending to the time of the institution of the suit, but there was no evidence either by plaintiff or defendant as to his actual absence from or presence in the state. The court thereupon granted defendant's motion for the general charge causing the nonsuit.

Appellee insists that the question of the sufficiency of proof was not properly presented to us for review, but we will refer to that later in this opinion, and for the present will treat the question as thus properly here presented.

■ The question of pleading and that of meeting the burden of proof may be here discussed in the same connection. It is absence from the state and not nonresidence which is within the language of the statute. Huss v. Cent. R. R. & B. Co., 66 Ala. 472. But proof of nonresidence at the time of the accrual of the cause of action is prima facie evidence of continued absence, and also raises such a rebuttable presumption. State Bank v. Seawell, 18 Ala. 616; Stevenson v. Anderson, 87 Ala. 228, 6 So. 285, 286; Cary v. Simmons, 87 Ala. 524, 6 So. 416, 417.

■ But the rule is that it is not sufficient to plead the existence of facts which prima facie or presumptively establish the ultimate fact; but that the ultimate fact should be alleged in the pleading, and then it may be proven by showing the existence of that which prima facie proves it, thereby casting the duty on the other party to overcome such presumption. West v. Spratling, 204 Ala. 478 (3), 86 So. 32; Neighbors v. Lauderdale, 206 Ala. 595 (2), 91 So. 478. Though it is said to be sufficient if the ultimate fact is necessarily implied from the averments as made. 49 Corpus Juris, 39.

Since absence from the state is the necessary element under section 8958, Code, and since such absence is not necessarily implied, but only prima facie so from nonresidence, an application of this rule would stamp as insufficient plaintiff's allegations of continued nonresidence.

In our early case of Towns v. Bardwell, 1 Stew. & P. 36, plaintiff's replication to the plea of the statute of limitations is alleged in the opinion to be that "defendant's testator, at the time the note was executed, resided in the State of North Carolina, and had not resided in the State of Alabama for the term of six years next before the issuance of the original writ in this case." This replication was held good. The discussion did not relate to this exact controversy, but treated it as an allegation of absence from the state.

And in an equity case, the question was whether the bill showed on its face that the bar was complete. The allegation was of nonresidence, and not of absence. The court said: "And while the statutory exception, in this connection, results only from personal absence, as distinguished from domicile elsewhere, yet the averment of residence in another state will, on demurrer, be construed to mean that the person against whom the exception is invoked has been absent during the period of such residence." Cary v. Simmons, supra.

While in Stevenson v. Anderson, supra, where the same situation existed, the same justice writing, it is said: "On these averments the prima facie presumption of law is that he has been all the time present at his place of domicile, and of consequence absent from the state of Alabama. On the face of the bill, therefore, it is not shown that the bar of the statute of limitations of either six or ten years has been perfected, or, indeed, that the statute has begun to run at all in favor of Anderson, and his demurrers, which affirm that these facts do appear of the bill, were not well taken."

So that the writer of the two opinions, after all, was only showing that the bill did not on its face show a bar of the statute, though different language was used to express the thought.

■ Our judgment is that in an action at law, the question of whether there is a sufficient showing either in the complaint or in a replication that a plea of the statute of limitations is not effective by reason of section 8958, Code, should be controlled by the general rule. There should either be a sufficient allegation of absence or an allegation of facts, which necessarily imply such absence, if that is possible.

■ But if we should hold that plaintiff had sufficiently pleaded the statute in the replication, to which demurrer was sustained, it would be because its meaning should be construed to be an allegation of absence as well as residence in another state. And since plaintiff in another replication did plead such absence, on which issue was taken, there would be no prejudice to plaintiff from the adverse ruling. But when plaintiff's proof tended to show such residence in another state, at the time of the accrual of the action, the burden was on defendant to overcome its prima facie effect. State Bank v. Seawell, supra. This was not done, nor attempted. So that, on that issue defendant was not due the general charge.

But appellee contends that the general charge was not given, but that the court only expressed a purpose to do so. If that were all, just an intimation that it would give such charge, defendant's contention would be well supported. Champion v. Central of Georgia Ry. Co., 165 Ala. 551, 51 So. 562.

On that subject the bill of exceptions shows the following proceedings:

"Mr. Courtney (representing defendant): The defendant moves to exclude the plaintiff's evidence on the ground that the plaintiff has not met the burden of proof which devolves upon him by the law of this State, particularly in reference to the plea of the statute of limitations. This, as your honor knows, is an action of deceit and misrepresentations, and comes under our statute of limitations of one year.

"The court: I will have to grant the request of the defendant for the general charge.

"Mr. Mahorner (representing the plaintiff): I understand, if your honor please, that the court will give the general charge, and we, therefore, want to take a non-suit, with bill of exceptions on the pleadings and rulings. It would not be necessary to hold the jury here to go through the form of having a verdict rendered.

"The court: Well, you just wish to take a non-suit, without instruction in regard to the general charge to the jury?

"Mr. Mahorner: No, sir, but I want the record to show that the court has granted a motion of the defendant for the general charge, and then we will ask for a non-suit with bill of exceptions.

"The court: Now, will you gentlemen instruct the court as to the entries. Now, I want to enter a motion by the defendant.

"Mr. Courtney: Yes, sir, I requested the general charge in writing. I do not think it goes on the record there, and then Mr. Mahorner—

"The court: Mr. Mahorner suggested here that the court enter two motions, one granting your motion to exclude the evidence.

"Mr. Mahorner: I do not think the defendant has to move for the general charge. He has requested the general charge in writing, and I would like for the record to show that the court is going to grant the general charge.

"The court: Motion by the defendant for the general charge granted.

"Mr. Mahorner: Now, the plaintiff takes a non-suit, with bill of exceptions, because of adverse rulings on the pleadings and evidence."

The record proper shows the following entry in that connection: "This day in open court came the parties by their attorneys and upon motion of the defendant made orally in open court on this day; It is ordered and adjudged by the court that the defendant's said motion for the general charge in its favor be and the same is hereby granted."

The judgment shows that the plaintiff thereupon took a nonsuit with a bill of exceptions on account of the adverse rulings of the court.

The third assignment of error is that the court erred in granting the motion of defendant for the general charge. This is not the situation mentioned in Champion v. Central of Georgia Ry. Co., supra.

■ It will be observed that the record does not show that a charge in writing was presented to the trial judge and indorsed "Given" by him so as to imply an exception under sections 6430 and 9509, Code. But the bill of exceptions states that defendant requested the general charge in writing, and also made a motion that it be given, and that the court granted the motion. If the court had refused it, doubtless defendant could not

review the action unless the record showed that the sections of the Code cited were complied with. But plaintiff could not require defendant to write it out and submit it to the court, nor require the court to indorse "Given" on it. But when the court granted the motion of defendant, the next step was the verdict, but before that was reached plaintiff took a nonsuit to review all the adverse rulings. Since there was no exception implied by a compliance with section 6430, Code, it was necessary for the bill of exceptions to show that it was duly reserved. in order to review the ruling under section 6431, Code. But it is not necessary to use any set word or form of words to show such reservation. If the bill of exceptions shows by its state-ments that it was understood by the court and parties at the time the ruling was made that plaintiff wished to have it reviewed on. appeal, the reservation should be considered as made. Newton v. Worcester, 169 Mass. 516, 48 N. E. 274; 3 Corpus Juris, 900.

The bill of exceptions here shows clearly that such was intended by all parties. We think there was reversible error in the ruling.

Appellee has argued other questions seeking to justify the affirmative charge. One is that plaintiff did not buy the bonds from defendant, and that the representations as set out in the circular were not made by defendant's agent. This point goes to the sufficiency of the complaint on demurrer not before us on this appeal, since it was upheld, and there are no cross-assignments. But we may observe that if defendant caused the representations to be made, and the public were intended to be thereby induced to act upon them, and plaintiff was within the class of those so contemplated, the action for deceit against defendant may be maintained by plaintiff, though defendant did not sell the bonds to plaintiff, but sold them to another, and he to plaintiff, both in reliance on the truth of the representations. King v. Livingston Mfg. Co., 180 Ala. 118, 126, 60 So. 143; 26 C. J. 1121, §§ 47, 48.

It is also insisted that since appellant purchased the bonds after this court had declared their validity, and in reliance on that fact, a subsequent decision did not destroy plaintiff's rights so acquired. But this court had not so declared, but only that section 222, Constitution, had not been violated. Harkins v. Smith, 204 Ala. 417, 85 So. 812.

We do not, as a rule, declare that an act violates no provision of the Constitution, but pass upon it in respect to some certain section as to which the contention is made.

State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 59 So. 294. The subsequent decisions holding that it violated sections 23 and 212, Constitution, in no respect conflicted with the former ruling. Collins v. Hollis, 212 Ala. 294, 102 So. 379; Robertson v. Collins, 218 Ala. 54. 117 So. 415.

So that it is not necessary for us to deal with the conflict of opinion manifested between this court in Farrior v. New England Mortgage Co., 92 Ala. 176, 9 So. 532, 12 L. R. A. 856, and those of the United States Supreme Court rendered later, and contrary to its own holdings when the Farrior Case was decided, and in respect to a clause in the Federal Constitution (art. 1, § 10) similar to that in the Alabama Constitution (§ 22) prohibiting legislation impairing the obligation of contracts. See the discussion in respect to this conflict in 12 Corpus Juris, 990, where the federal cases are cited. But the latest opinion of that court concedes the right of a state court to construe its Constitution, so as to give effect to a contract made on the authority of an opinion then in existence, though the opinion was later overruled. Great Northern Ry. Co. v. Sunburst Oil & Refining Co., 287 U. S. 358, 53 S. Ct. 145, 77 L. Ed. 360, 85 A. L. R. 254.

The amendment of the Constitution proposed in the Act of August 25, 1927, page 346, confirming and validating corporate organizations attempted under the Act of 1915, p. 167, such as had been held void by the decisions of this court, and also validating bonds issued by such corporations by authority of the law, which was declared unconstitutional, has been declared by proper authority to have been duly ratified. Whether such bonds were those of a private corporation, and their invalidity was due to a public right which could be and was waived by the constitutional amendment, and thereby made valid (12 Corpus Juris, p. 1096, § 797; p. 723, § 87; p. 988, § 595), or were those of such a public corporation, or, if not, were of such sort as that they were subject to be validated by a constitutional amendment (12 Corpus Juris, p. 1094, § 793; pp. 1241–1243, § 1019), we will not now decide because it is not essential for the purposes of this appeal, and it is apparent that the circuit court did not act upon that question. State ex rel. Crumpton v. Montgomery, supra; State ex rel. Knox v. Dillard, 196 Ala. 539, 72 So. 56; Ex parte Hines, 205 Ala. 17, 87 So. 691.

The record shows that the motion for the general charge was made by defendant and acted on by the court upon the ground specially that the action was barred by the stat-

ute of limitations, and without reference to any constitutional question. And if the bonds have been effectually ratified and confirmed, and are now valid, it does not necessarily follow that there was no damage done by the misrepresentation, justifying the affirmative charge for defendant. Wall v. Graham, 192 Ala. 396, 68 So. 298.

We think that for the error we have shown, the nonsuit should be, and it is, set aside, and a new trial granted.

Nonsuit set aside, and new trial granted.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.