This is a conversion case. The plaintiffs, Kemp Motor Sales, Inc., and Gertrude *Page 378 
Wade, sued the defendant, David W. Lawrenz, for the destruction of a boathouse. In a motion for summary judgment, the defendant challenged the plaintiffs' property interests in the boathouse as insufficient to support the claim of conversion. He also counterclaimed, seeking restitution for the costs incurred in tearing down the disputed structure in the event the trial court found that the plaintiffs did in fact own the boathouse. On the defendant's motion for summary judgment, the trial court held for the defendant on the conversion claim. The trial court did not rule on the defendant's counterclaim, and the plaintiffs subsequently moved for final judgment pursuant to Rule 54(b), Ala.R.Civ.P., on the matters actually adjudicated. We now consider the plaintiffs' appeal from the judgment for the defendant on the plaintiffs' claim. We affirm.
We will assume for the purpose of deciding this case that the destruction of the boathouse was an act for which a claim of conversion will lie. We would note, however, that it is not the usual case that such a building will be considered to be personal property, as opposed to realty, and therefore subject to the tort of conversion. See Sullivan v. Lawler, 222 Ala. 628,133 So. 911 (1931); Powers v. Harris, 68 Ala. 409 (1880); 18 Am.Jur.2d Conversion § 22, at 158 (1985). In view of the dispositive issue relating to the failure of proof, discussed below, however, we find that we need not reach the question of the status of the boathouse as personalty in order to decide this case. We, therefore, decline to reach that question, and we will assume, without deciding, that the boathouse in question could be the subject of conversion.
It has been said that "[t]he gist of conversion is the interference with control of the property." W. Keeton, D.Dobbs, R. Keeton, D. Owen, Prosser Keeton on Torts, § 15, at 102 (5th ed. 1984). Our cases have often recognized this same principle, and they have further noted that some demonstrable "property" interest must exist in order for a party to assert a claim in conversion:
 "The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, when the plaintiff has a general or special title to the property and possession or the immediate right of possession. A plaintiff cannot recover in an action of trover unless at the time of the conversion, he or she had a general or special right to the property and possession or an immediate right of possession. Tarrant American Savings Bank v. Smokeless Fuel Co., 233 Ala. 507, 510, 172 So. 603, 605 (1937)."
McCain v. P.A. Partners Limited, 445 So.2d 271, 272 (Ala. 1984) (emphasis added). See also Sadie v. Martin, 468 So.2d 162 (Ala. 1985); Ott v. Fox, 362 So.2d 836 (Ala. 1978). According to the defendant, the plaintiffs failed to show any property interest or possessory right in the disputed boathouse in response to his motion for summary judgment. He argues that the trial court was therefore correct in granting this motion, there being a complete failure of proof on an essential element of the tort.
We must evaluate the defendant's argument in light of the applicable standards of review. The standards implicated here have been firmly established by our previous cases:
 "On appeal from a trial court's grant of summary judgment, this court must apply the same standard used by the trial court when ruling on the motion. Alabama Power Co. v. Blount Brothers Corp., 445 So.2d 250 (Ala. 1983). In Jehle-Slauson Construction Co. v. Hood-Rich, Architects and Consulting Engineers, 435 So.2d 716 (Ala. 1983), we summarized the standard as follows:
 " 'Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala. 1980); Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala. 1978); Rule 56, ARCP. "If there is a scintilla of evidence supporting the position of the party against whom the motion for *Page 379 
summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted." Campbell v. Alabama Power Co., 378 So.2d 718, 721 (Ala. 1979); Chiniche v. Smith, 374 So.2d 872 (Ala. 1979). Once a motion for summary judgment has been made, the adverse party ordinarily should not rest on his pleadings, but should respond by setting forth specific facts which show that a material issue of fact does exist. Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala. 1980); Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala. 1980).'
"Id. at 718."
Wright v. Robinson, 468 So.2d 94, 97 (Ala. 1985).
Applying these standards to the instant case, we find no error on the part of the trial court. In his motion for summary judgment, the defendant challenged the plaintiffs' property interest in the boathouse by arguing that the boathouse was a fixture to realty and that any right of action for the conversion of such a fixture would lie with the owner of the realty with which that fixture was associated. In an affidavit supported by certified copies of property records from the probate court, he then asserted that the property adjacent to the boathouse was owned by his family, and that neither of the plaintiffs owned any real property in the vicinity of the boathouse. Thus, the defendant argued, the plaintiffs' claim for conversion was due to be denied, because they had no interest in the adjacent realty, and, consequently, no interest in the boathouse as a fixture. Hence, it was incumbent upon the plaintiffs to respond to the defendant's motion by showing some interest in the boathouse which would support their claim for conversion. The plaintiffs, however, failed to file any response to this motion, and our review of the record discloses that it was only in their complaint that the plaintiffs asserted any possessory or ownership interest. As the authorities noted above expressly provide, however, the bare allegations of the complaint will not provide a scintilla of proof for the purpose of responding to a motion for summary judgment. See also Rule 56(e), A.R.Civ.P. ("an adverse party may not rest upon the mere allegations or denials of his pleading"). Consequently, we hold that the trial court correctly granted a summary judgment in favor of the defendant, because no "general or special right to the property and possession or an immediate right of possession" was shown by the plaintiffs. McCain v. P.A. Partners Limited, 445 So.2d at 272.
We are likewise not persuaded to reverse the judgment on the basis of the plaintiffs' assertion in their brief on appeal that they had an ownership interest. "On appeal from the granting of a summary judgment, this court is limited to a review of the record alone, and the record cannot be modified or altered by statements in briefs of counsel, nor by affidavits or other evidence not properly submitted."Barnes v. Liberty Mutual Insurance Co., 472 So.2d 1041, 1042
(Ala. 1985).
Finally, we note that the trial court's order granting the Rule 54(b) motion also makes final a permanent injunction requested by the defendant which forbids the plaintiffs to erect a replacement structure. The merits of this injunction are not argued on this appeal. However, the plaintiffs do contend that the trial court incorrectly included the injunction in the Rule 54(b) order, asserting that the trial court had not actually ruled on this matter at the time the order was entered. Thus, the plaintiffs argue that the petition for the injunction, like the defendant's counterclaim, is still pending in the trial court.
We think that the plaintiffs' argument in this regard is without merit. We note that the motion for the Rule 54(b) order was made by the plaintiffs themselves. In that motion, the plaintiffs stated that a permanent injunction had in fact been granted by the trial court as a consequence of the grant of the summary judgment, and the motion furthermore recites that thesole remaining claim before the trial court was the defendant's counterclaim. Thus, the manifest effect of this motion was to request that the injunction in question also be *Page 380 
made final pursuant to Rule 54(b), along with the trial court's determination of the merits of the conversion claim. In making this motion, therefore, the plaintiffs invited the very "error" of which they now complain, assuming that error was committed in the first place.
It is the settled law of this state that "invited error" cannot be the basis of argument on appeal, Osborn v. Johns,468 So.2d 103 (Ala. 1985), and we long ago held that a party cannot complain on appeal of a judgment entered at his request. SeeChampion v. Central of Georgia Ry., 165 Ala. 551, 51 So. 562
(1910). Accordingly, we hold that the injunction was correctly granted by the trial court, and we affirm this aspect of the trial court's judgment as well, there being no argument before us on the merits of this issue.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and STEAGALL, JJ., concur.