569 So.2d 387 (1990)
James Paul HIGHT and Betty Hight
v.
G.L. BYARS, et al.
G.L. BYARS, et al.
v.
AmSOUTH BANK, N.A., et al.
89-687, 89-704.
Supreme Court of Alabama.
September 28, 1990.
*388 Robert T. Wilson and Garve Ivey, Jr. of Wilson & King, Jasper, for appellants.
Richard E. Fikes of Tweedy, Jackson and Beach, Jasper, for appellees/cross-appellants G.L. Byars, et al.
Cathy S. Wright and Luther M. Dorr, Jr. of Maynard, Cooper, Frierson & Gale, Birmingham, for appellees AmSouth Bank N.A. and Stephen H. Holland.
PER CURIAM.
Elizabeth Hanson, a customer of AmSouth Bank, N.A., asked AmSouth Bank sometime in 1984 to sell a lot that she owned on Smith Lake in Walker County, Alabama. Steve Holland, a member of AmSouth Bank's trust department and its property manager, undertook to sell Hanson's lot, and he contacted George Patridge, a real estate agent with Byars Realty, about finding a buyer.
Shortly after his conversation with Holland, Patridge spoke with James and Betty Hight, who owned a lot adjacent to Hanson's, about purchasing Hanson's property. Pursuant to that discussion, the Hights decided to buy Hanson's lot. Betty Hight signed a purchase agreement on August 16, 1984, which G.L. Byars, president of Byars Insurance Agency, Inc., also signed.[1] That agreement set the purchase price at $30,000 and required earnest money in the amount of $500. Betty Hight paid Byars Realty the earnest money on that same day. Hanson did not sign that agreement. In addition, G.L. Byars gave the Hights a "Purchaser's Estimated Closing Statement," signed by him as selling broker, that estimated the amount due at closing as $29,548.[2] Hanson did not sign that document either.
On August 28, 1984, the Hights received a letter from Tom Byars, the manager of Byars Realty, which stated, "Mrs. Hanson has decided not to sell her lake property at this time. Therefore, we are returning your earnest money of $500."
The Hights refused to accept the $500. Instead, on June 25, 1985, they sued G.L. Byars, individually, and Byars Realty, demanding specific performance.[3] The Hights also sought compensatory damages for breach of the purchase agreement. The defendants subsequently filed a third-party complaint against AmSouth Bancorporation; AmSouth Bank, N.A.; and Steve Holland, alleging that the bank and Holland were liable to Byars and Byars Realty if Byars and Byars Realty were liable to the Hights. The third-party complaint also alleged breach of the purchase agreement by Holland and AmSouth Bank. All of the defendants and third-party defendants pleaded the Statute of Frauds as an affirmative defense. The trial court entered summary judgment for all of the defendants and third-party defendants on January 8, 1990.
It is apparent that the underlying transaction in this casea contract for the sale of an interest in real propertyfalls within the ambit of Alabama's Statute of Frauds. Ala.Code 1975, § 8-9-2. Alabama law is well settled on the principle that in order for an agent to act on a principal's behalf regarding a matter controlled by the Statute of Frauds, the agent's authority must be in writing. § 8-9-2; Durham v. Harbin, 530 So.2d 208 (Ala.1988), and Cammorata v. Woodruff, 445 So.2d 867 (Ala.1983). Moreover, any contract made by an agent without written authority is void if the contract itself is one that has to be in writing. Cammorata v. Woodruff, supra. See, also, Thompson v. New South Coal Co., 135 Ala. 630, 34 So. 31 (1903).
Durham v. Harbin, supra, discussed the standard of review applicable to a summary judgment when the Statute of Frauds has been raised as a defense:
"[T]he standard that we apply in reviewing a summary judgment is the same *389 standard as that applied by the trial court in ruling on the motion. See, e.g., Kemp Motor Sales, Inc. v. Lawrenz, 505 So.2d 377 (Ala.1987). Moreover, this standard, as applied to the defense of the Statute of Frauds, requires that:
"`even though [the] plaintiff may produce [evidence of] a genuine issue of material fact [on matters such as the terms or existence of a contract], if the other side makes out a prima facie case under a special plea of the affirmative defenses of the Statute of Frauds or the statute of limitations, it is incumbent upon the opposite party to come forward with at least a scintilla of proof that these defenses do not apply to him. Otherwise, summary judgment is appropriate.'
"Thompson v. Wilson, 474 So.2d 657, 660 (Ala.1985)."
530 So.2d at 210.
The record is devoid of any writing signed by Hanson authorizing either AmSouth Bank or Byars Realty to sell the lot. Because the Hights have not produced a scintilla of evidence that either AmSouth Bank or Holland or Byars or Byars Realty had written authority to sell Hanson's lot, the purchase agreement is void as to all defendants and third-party defendants.
Because the agreement was void, the plaintiffs were entitled to only a refund of the earnest money. Based on the foregoing, the summary judgment for the defendants and third-party defendants is affirmed.
AFFIRMED.
MADDOX and STEAGALL, JJ., concur.
JONES, ALMON and ADAMS, JJ., concur in the result.
JONES, Justice (concurring in the result).
The Statute of Frauds has no application to this case. The seller is not a party defendant. The defendant is G.L. Byars, the real estate agent who signed the sales agreement, acknowledging receipt of the $500 earnest money. The only issue is whether Byars can be held liable for specific performance and breach of contract. Under these facts, as a matter of law, Byars, as the non-title holder, cannot be required to specifically perform the contract, nor can he be liable for breaching the contract of sale. The trial court properly granted the defendants' motion for summary judgment.
NOTES
[1] G.L. Byars testified in his deposition that Byars Realty is a subsidiary of Byars Insurance Agency, Inc., and is neither a corporation nor a partnership.
[2] The $48 represents closing costs.
[3] Because this complaint was pending on June 11, 1987, this appeal is governed by the "scintilla evidence rule." Ala.Code 1975, § 12-21-12.