The plaintiffs, Quad Cities Nissan, Inc., and David McGonigle[1] (hereinafter sometimes together referred to as "Quad Cities"), appeal from a summary judgment for the defendant, Tommy Griffin, on their fraud claim and from the trial court's order denying their motion to consolidate their case against Griffin with another case against Quad Cities.
A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a summary judgment motion that is properly supported, the nonmoving party must present "substantial evidence" to the contrary — "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Ala. Code 1975, § 12-21-12; West v. Founders LifeAssurance Co. of Florida, 547 So.2d 870 (Ala. 1989). Where evidence reasonably supports an inference that the defendant defrauded the plaintiff, the fraud claim is for the trier of fact. Baker v. Bennett, 603 So.2d 928 (Ala. 1992), cert.denied, ___ U.S. ___, 113 S.Ct. 1260, 122 L.Ed.2d 658 (1993).
Viewing the facts in the light most favorable to Quad Cities, as required under the applicable standard of review, we must assume that the following occurred:
The defendant Griffin is a rebuilder of wrecked and salvaged automobiles. In March 1990, he purchased a 1990 Nissan Maxima from Bailey's Used Cars in Lexington, Alabama, knowing that the car had previously had a "salvage title" in New Jersey. Thereafter, he employed Bama Frame Shop and Elledge Body Shop to repair the car. While he was at Quad Cities to purchase a part for the car, Griffin asked if Quad Cities would be interested in buying the car. Marty Pomerantz, the general manager of Quad Cities, repeatedly questioned Griffin about any damage to the car and whether the car had previously had a salvage title. Griffin disclosed to Pomerantz that the car had been wrecked and that he had replaced the hood and a fender and had repainted parts of the car, but he did not disclose that the car had had a salvage title and that the car had suffered frame damage. When David McGonigle, the manager of Quad Cities, asked Griffin whether the car had had any frame damage, Griffin said that it had not. Furthermore, during the closing of the sale, when McGonigle asked Griffin about the title to the car, Griffin stated that if Quad Cities bought the car it would get a "clean" Alabama title, but at no time did Griffin disclose that the car had had a salvage title. *Page 832 
Griffin presented McGonigle with a "bill of sale" form for McGonigle to sign; it contained the following statement at the bottom:
 "This is to certify that I, Quad Cities Nissan Inc., purchased the 1990 Niss[an] Maxima VIN JN1HJ01PXLT373516 with the full knowledge that it is a wrecked and rebuilt vehicle.
"(Signed)__________"
Because Griffin had represented that the car did not have a salvage title and did not have frame damage, McGonigle questioned Griffin about this statement at the bottom of the bill of sale. Griffin again told McGonigle that the car had not had a salvage title and explained that the only reason for the statement at the bottom of the bill of sale was to protect Griffin from action by the State of Alabama — Griffin said that if he had to replace two or more major body panels then the state required that that statement be signed. McGonigle signed the statement.[2]
Subsequently, Timothy and Angela McKinney purchased the Nissan automobile from Quad Cities; at the time of the sale, Quad Cities disclosed to them the damage Griffin had disclosed to it. Several weeks later, the McKinneys telephoned Quad Cities and asked why there was glass under the seat. When McGonigle questioned Griffin about the glass, Griffin said that he had replaced the windshield, a fact he had not previously disclosed to Quad Cities. Thereafter, at the McKinneys' request, McGonigle gave them Griffin's telephone number and the McKinneys telephoned Griffin.
Later, the McKinneys discovered that the car had had a salvage title, and they confronted Quad Cities. Quad Cities did a check of the title and discovered that the car had, in fact, had a prior salvage title. When McGonigle confronted Griffin with the fact that Quad Cities had discovered the prior salvage title, Griffin said, "Well, you bought it. You signed for it. You own it. Tough." The McKinneys sued Quad Cities and McGonigle, alleging fraud, deceit, and intentional misrepresentation. Quad Cities and McGonigle filed a Rule 19, Ala.R.Civ.P., motion to add Griffin as an indispensable party; the trial court denied that motion. Thereafter, Quad Cities and McGonigle sued Griffin and moved to consolidate their action against Griffin with the McKinneys' action against them. The trial court denied the motion to consolidate. Griffin moved for a summary judgment, and the trial court granted the motion. Quad Cities and McGonigle appeal from the summary judgment for Griffin.
Based on the evidence as viewed in the light most favorable to Quad Cities and McGonigle, we hold that they presented substantial evidence that Griffin suppressed the fact that there had been a prior salvage title on the car, misrepresented the actual repairs performed on the car, and misrepresented the purpose of the statement at the bottom of the bill of sale; thus, they defeated Griffin's motion for summary judgment — the evidence did not entitle Griffin to a judgment as a matter of law. Therefore, we reverse the summary judgment and remand the case for further proceedings consistent with this opinion.
We note Quad Cities and McGonigle's contention that the trial court erred in denying their motion to consolidate. They say that consolidation of the two actions, which they say involve common issues of law and fact, would avoid a multiplicity of actions, would save the court system time and money, and would guard against oppression and abuse, and they say it would not prejudice any party to the actions.
Rule 42(a), Ala.R.Civ.P., gives the trial court broad discretion as to whether to consolidate actions. See Comment to Rule 42(a). Suffice it to say from a review of the facts before us, we find no abuse of discretion in the trial court's denying Quad Cities and McGonigle's motion to consolidate.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.
[1] The notice of appeal and many of the documents in the record spell this party's name "McGongile." However, documents signed by this party himself carry the spelling "McGonigle."
[2] While McGonigle said he did not know who had taken it off, he said that someone had taken off the bottom part of the bill of sale, which contained the language indicating that the motor vehicle had been wrecked and rebuilt; he said he threw that part away and then put the remaining part of the document in the company records. *Page 833