MONROE, Judge.
The plaintiffs, George E. Faulk and Scottie Faulk,.appeal from a summary judgment for the defendant in their case alleging fraud in the sale of a used automobile.
Jerrell Barton bought a wrecked pickup truck from an automobile dealer in Texas. He acquired a Texas “salvage” certificate of title to the truck. Barton then, with the help of a woman whom he barely knew, obtained a Washington State certificate of title for the truck; that certificate did not reflect the existence of the prior Texas salvage title. Barton made extensive repairs to the truck. A “damage disclosure statement” was submitted to the Washington authorities in order to obtain the Washington title. This statement apparently failed to list all of the damage and the repairs that had actually been done. The Washington title listed Barton’s address as Saginaw, Missouri. Barton has never lived in Missouri, and he denies that the signature on the disclosure statement is his.
Barton subsequently sold the truck to Jimmie Wade, giving him the Washington title. Wade knew that the truck had been reworked, but was never told that it had previously had a Texas salvage title. Wade sold the truck, with the Washington title, to the Faulks, through an automobile auction. The auction company did not allow automobiles with damaged and repaired frames to be sold at the auto auction unless the damage was clearly announced at the time of sale. The Faulks allege that no such disclosure was made and that they did not know that the truck had had a salvage title. After taking the truck home, the Faulks discovered that it had a damaged and mended frame. The Faulks later sold the truck at a loss, the reduction in price reflecting the value of the truck with prior salvage title and the mended frame.
On August 19, 1991, the Faulks sued Barton and Wade, alleging fraud and fraudulent suppression. Wade later filed a bankruptcy petition, and the Faulks dismissed their claims against him. Barton filed a motion for summary judgment on April 6,1992, supported by the affidavit of Jimmie Wade and by the depositions of Wade and Barton. The Faulks filed two responses to the motion, supported by the depositions of Wade and Barton, the affidavit of Scottie Faulk, and the truck’s title documents. The trial court entered a summary judgment for Barton, and the Faulks appealed to the Supreme Court. That Court deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P.; Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). The moving party must present in support of its motion evidence that would be admissible at trial. Rule 56(e). When the moving party makes a prima facie showing that no genuine issue of material fact exists, *728 the burden shifts to the nonmoving party to rebut the showing by presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is “of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”. West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The evidence must be reviewed in a light most favorable to the nonmoving party. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990). Reviewing the record in a light most favorable to the Faulks, we find substantial evidence in support of the fraud claim; that evidence creates a genuine issue of material fact.
We disagree with Barton’s argument that he had a duty of disclosure only as to Wade. The evidence could support a finding that Barton may have committed fraud by obtaining the Washington title, albeit through a third party, and thereby suppressing the information regarding the existence of the Texas salvage title. A similar situation was presented in Johnny Spradlin Auto Parts, Inc. v. Cochran, 568 So.2d 738 (Ala.1990), in which Spradlin placed a vehicle identification number from a 1986 Chevrolet Camaro onto a 1983 Camaro. A subsequent buyer sued, alleging fraud. Spradlin argued that his duty to disclose extended only to the person who bought the car directly from him. The Court quoted the following from an earlier case in support of its holding for the plaintiff:
“‘[I]f defendant caused the representations to be made, and the public were intended to be thereby induced to act upon them, and plaintiff was within the class of those so contemplated, the action for deceit against defendant may be maintained by plaintiff, though defendant did not sell the bonds to plaintiff, but sold them to another, and he to plaintiff, both in reliance on the truth of the representations. [Citation omitted.]’ ”
Spradlin, 568 So.2d at 742-43 (quoting Sims v. Tigrett, 229 Ala. 486, 491, 158 So. 326, 330 (1934)). This proposition applies to the present case. A jury could reasonably find that Barton’s actions made the fraud possible.
Barton contends that he disclosed to Wade all the pertinent information regarding the history of the truck, including the fact that it previously had had a salvage title, and that Wade saw the truck in various stages of repair, and, therefore, had full knowledge of the previous damage to the truck. He argues that it was Wade who failed to make the appropriate disclosures to the Faulks and that he should not be held responsible for Wade’s act of suppression. However, Wade stated in his deposition that, although he was aware that the truck had been rebuilt, he did not know the extent to which it had been damaged and did not know that the truck previously had had a salvage title. He stated that the only title he knew of was the Washington state title. We believe this deposition testimony constituted substantial evidence creating a genuine issue of material fact as to whether Barton disclosed these facts to Wade. See, e.g., Quad Cities Nissan, Inc. v. Griffin, 638 So.2d 830 (Ala.1994).
Barton also argues that he is not responsible for any fraud that was committed by the woman who obtained the Washington state title for him. However, we note that “[h]e who joins in the consummation of a transaction, known to have been negotiated by fraud, becomes a party to the fraud.” Jim Short Ford Sales, Inc. v. Washington, 384 So.2d 83, 86 (Ala.1980). There was substantial evidence that Barton had notice of the subversive manner in which the woman apparently obtained the Washington title and that he was a participant in the transaction.
We hold that the Faulks, in opposition to Barton’s motion for summary judgment, produced substantial evidence creating a genuine issue of material fact, and that the trial court improperly entered the summary judgment. That judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.